Staci Jennifer Riordan (SBN 232659)
sriordan@nixonpeabody.com
**NIXON PEABODY LLP**
One California Plaza
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
Telephone: 213.629.6000
Facsimile: 213.629.6001

Attorneys for Plaintiff
NOTORIOUS B.I.G. LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOTORIOUS B.I.G. LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Yes. Snowboards, Nidecker Group, Chi Modu, an individual, DOES 1-8,<br><br>Defendants. | CASE NO. 19-cv-1946<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **Unfair Competition and False Endorsement**<br>2. **Trademark Infringement**<br>3. **Violation of California Business and Professions Code §§ 17200 *et. seq.***<br>4. **Violation of New Jersey Right of Publicity Law**<br>5. **Unjust Enrichment**<br>6. **Injunctive Relief** |

**COMPLAINT**

Notorious B.I.G. LLC ("BIG") hereby files this Complaint against defendants Yes. Snowboards, Nidecker Group and Chi Modu (collectively, "Defendants") and allege as follows:

## SUMMARY OF ACTION

1. BIG is the legal representative of the late Christopher George Latore Wallace, p/k/a "Notorious B.I.G." or "Biggie" (hereafter, "Wallace"). Wallace's recordings are well-known and beloved the world over; *Rolling Stone* has published material declaring him "the greatest rapper that ever lived."

2. Through careful planning and management by BIG, Wallace's music, lyrics and message continue to prosper and touch the lives of fans everywhere. Wallace was beloved by fans and fellow musicians during his life. Even after his death his fan base continued to grow and he has stayed relevant and recognizable to an ever increasing group of people. Wallace's works, persona, name, image, and likeness are so strong that he is routinely recognized and respected, even by people born after his death.

3. At a time where fame and popularity for musicians comes and goes on an accelerated time scale, it is hard to quantify the power – both emotional and financial – of a musician whose brand and persona are still appreciated, recognized, and replicated more than two decades after his death.

4. Unfortunately, when an artist's work has touched people so significantly, there are often usurpers that want to capitalize on that connection. A strong brand attracts parasites that attempt to create profits through no work of their own, based on the popularity of and love for an artist.

5. Now, in complete disregard for BIG's rights, and with knowledge of the infringing nature of their actions, Defendants knowingly used Wallace's image, without permission from nor compensation to BIG.

6. Without hesitation, Defendants usurped Wallace's image for the sole purpose of profiting from the sale of unauthorized and infringing products, and,

specifically, posters, prints and other artwork (hereafter, the "Infringing Products"). Upon information and belief, the Infringing Products have reached thousands of people as a result of their display and sale worldwide via the Internet as well as their sale in physical stores in the United States.

7. Even after direct communication from BIG's counsel requesting that Defendants' unauthorized use cease and demanding compensation for sales of the Infringing Products, Defendants continue to refuse to compensate BIG for the use of their rights, all for Defendants' profit and in complete disrespect of BIG.

8. Defendants' Infringing Products are targeted at exactly the same market that would purchase similar art, goods, and posters featuring an appropriately licensed image of Mr. Wallace. By stealing BIG's market share, Defendants have baldly stolen profits that are rightfully owed to BIG.

9. Accordingly, BIG now seeks relief in this action against Defendants for claims of federal and state unfair competition and false endorsement, trademark infringement, violation of right of publicity, unjust enrichment, and injunctive relief.

## THE PARTIES

10. BIG is a Delaware limited liability company that, *inter alia*, owns and controls the intellectual property rights of Wallace. Wallace was domiciled in New Jersey when he died. His estate, the predecessor-in-interest to BIG, was probated in Bergen County, New Jersey.

11. On information and belief, Defendant Chi Modu is an individual residing in New York State. On information and belief, Modu does substantial, systematic, and continuous business in the State of California and this judicial district.

12. On information and belief, Defendant Yes. Snowboards is based in Switzerland and it designs and sells the snowboards, both in the United States and internationally from its website, https://www.yesnowboard.com. On information

and belief, Yes. Snowboards does substantial, systematic, and continuous business in the State of California and this judicial district.

13. On information and belief, Defendant Nidecker Group manufactures and sells the snowboards in the United States and in Europe, both in person and via its website https://www.nidecker.group/about-us.html. It also manages defendant Yes. Snowboards. To date, the Nidecker Group has sold 15 snowboards direct to consumers and 53 snowboards to retailers. On information and belief, Nidecker does substantial, systematic, and continuous business in the State of California and this judicial district.

14. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 8. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 8, Plaintiff will amend this Complaint to state their true names and capacities.

## JURISDICTION AND VENUE

15. This action arises from federal claims under the Lanham Act, 15 U.S.C. § 1125(a), and claims brought pursuant to the common law of the State of California. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1121, 1331, and 1338. In addition, and independently, there is diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1332.

16. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 because a substantial part of the acts and omissions giving rise to the claims occurred in this District within the meaning of 28 U.S.C. § 1391(f)1. On information and belief, the Defendants have advertised in this District, sold the Infringing Products within this District, and received substantial revenue and profits from the sale of the

Infringing Products in this District.

17. This Court may properly exercise personal jurisdiction over Defendants as they are doing business in the State of California and have committed intentional torts in such a manner as to cause harm to Plaintiff in the State of California. Further, Defendant has expressly aimed their tortious conduct at the State of California such that California can be said to be a focal point of the tortious activity.

## FACTUAL ALLEGATIONS

### Plaintiffs And Their Business

18. BIG is the entity that owns the intellectual property rights of Wallace including, without limitation, certain trademark rights, the right of association and sponsorship, and the right of publicity in and to the name, image, voice, signature, and likeness of the late Wallace (collectively, the "Property Rights").

19. The Property Rights were transferred to BIG by the Estate of Christopher G.L. Wallace (the "Wallace Estate"), by the action of its co-executors: (1) Ms. Wallace; and (2) Wallace's surviving spouse, Faith Evans.

20. BIG is managed by Ms. Wallace and Faith Evans.

21. Wallace was murdered in 1997 while domiciled in New Jersey. The Wallace estate was then probated in Bergen County, New Jersey. BIG is the successor-in-interest to the Estate.

22. Since its formation, BIG has, *inter alia*, owned and controlled the intellectual property rights that were included in Wallace's estate including, without limitation, the Property Rights.

23. BIG has licensed the Property Rights in connection with apparel, headwear, novelties, alcoholic and non-alcoholic beverages, tobacco, toys, mobile games, posters, and many other categories, receiving substantial licensing fees in connection with such uses.

**Defendants And Their Infringing Activities**

24. On information and belief, Defendants sold some or all of the Infringing Products to the public.

25. The Infringing Products contain an image of Wallace, including but to the following non-exhaustive list of images:

- An archival glicee print of a photograph taken in 1996 of Wallace standing in the foreground with the New York skyline, and specifically the World Trade Center towers, in the background. The title of the work is listed as "Biggie, World Trade Center, 1996".

26. BIG is informed and believes, and on that basis alleges, that Defendants intentionally and in bad faith gained access to and intentionally sold the Infringing Products to purposely profit from the Property Rights.

27. Despite Defendants' continued sale of the Infringing Products, Defendants have never contacted BIG to seek authorization to use the Property Rights.

28. Defendants have made an unauthorized commercial use of the Property Rights, and their infringement of the Property Rights has occurred for their own financial gain. On information and belief, Defendants specifically chose to create the Infringing Products using the Property Rights as an attempt to capitalize on the fame and substantial financial value of Wallace.

29. Upon learning of Defendants' infringement, BIG demanded that Defendants immediately cease and desist from all uses of the Property Rights.

**Plaintiff's Harm**

30. With respect to the use of the Property Rights in connection with the manufacture, promotion, and sale of apparel and other goods, Plaintiff has engaged in an exclusive license with Republic Licensing, Inc. ("Republic"). Republic is engaged in the active sale of merchandise incorporating the Property Rights in stores that compete with Defendants. Through Republic's efforts, Plaintiff has

1 enjoyed substantial benefits from the licensing of the Property Rights.

2     31. Defendants' actions jeopardize and diminish the value of the exclusive license granted to Republic, which in turn decrease the value of the Property Rights.

    32. By reason of their conduct, Defendants have caused and will continue to cause, among other things, substantial irreparable injury to Wallace's reputation and a decrease in, if not total elimination of, the value of future endorsement and partnership opportunities available to BIG.

    33. Defendants' use of the Property Rights has caused injury to BIG in an amount to be proven at trial.

## FIRST CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING
## [15 U.S.C. 1125(a)]

    34. Plaintiffs reallege and incorporate herein each and every allegation contained in Paragraphs 1-33 as if fully set forth herein.

    35. By selling the Infringing Products across the United States and around the world through the Internet and physical stores, Defendants have intentionally and willfully created the false impression that Plaintiffs are associated in some manner with the Infringing Products, and that Plaintiffs had agreed to such use of the Property Rights.

    36. The impression created by Defendants is entirely false. Neither Plaintiffs nor their representatives have ever authorized Defendants' use of Wallace's likeness in connection with the Infringing Products or any other use by Defendants.

    37. Thus, Defendants have used Mr. Wallace's likeness in connection with the promotion and sale of goods in commerce, and such use has misled, deceived, and confused the public into believing that Defendants and their commercial activities are in some way endorsed, sanctioned by, or otherwise

affiliated with Plaintiffs in violation of the bar on false advertising within the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

38. Defendants' actions have been purposefully directed at undercutting and decreasing Plaintiffs' legitimate business interests with respect to Wallace's Property Rights, and constitute unfair competition in violation of the bar on false advertising within the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

39. By reason of Defendants' violation of 15 U.S.C. § 1125, Defendants have been unjustly enriched by their misappropriation of BIG's exclusive rights in Wallace's likeness.

40. Defendants did not engage in the misconduct alleged herein out of any sincere or proper motive, but did so knowingly and willfully, with the intention of appropriating for itself the valuable rights of Plaintiffs without compensating Plaintiffs. Defendants' misconduct was also fraudulent in that Defendants deliberately engaged in a scheme and course of conduct to confuse the public as to Plaintiffs' approval, endorsement, or sponsorship of Defendants and the Infringing Products.

41. As a direct and proximate result of Defendants' misconduct, Plaintiffs have sustained and will continue to sustain substantial injury, loss, and damage. Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover their actual damages and Defendants' profits in an amount to be proven at trial, together with Plaintiffs' attorney's fees and costs.

42. Further, Plaintiffs are entitled to a permanent injunction to prevent future violations of 15 U.S.C. § 1125.

## SECOND CAUSE OF ACTION
## TRADEMARK INFRINGEMENT

43. Plaintiffs reallege and incorporate herein each and every allegation contained in Paragraphs 1-42 as if fully set forth herein.

44. Plaintiffs own an unregistered trademark in the name "Biggie" for use

in commerce in connection with recorded music, apparel, and merchandise (the "Trademark"). The mark "Biggie" is clearly a source identifier for Wallace.

45. Plaintiffs did not authorize Defendants' use of the Trademark. Defendants' use of the Trademark is likely to cause confusion, or to cause mistake, or to deceive. Indeed, on information and belief it is alleged that Defendants' unlawful exploitation of the Trademark has caused actual confusion in the marketplace.

46. Defendants, and each of them, have imported, marketed, advertised, published online, distributed, and sold product bearing the Trademark.

47. Due to Defendants' acts of infringement, Plaintiffs have suffered substantial damages to its business in an amount to be established at trial.

48. Due to defendants' acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

49. Due to Defendants' acts of trademark infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Trademark. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Trademark in an amount to be established at trial.

50. Due to Defendants' actions, constituting unauthorized use of the Trademark, Plaintiffs have suffered and continue to suffer great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

51. On information and belief, Defendants' misappropriation has been knowing, intentional, wanton, and willful, entitling Plaintiffs' to treble damages, profits, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
## VIOLATION OF CALIFORNIA STATE UNFAIR COMPETITION LAW

52. Plaintiffs reallege and incorporate herein each and every allegation

contained in Paragraphs 1-51 as if fully set forth herein.

53. The wrongful acts of Defendants as alleged above, including but not limited to Defendants' unauthorized use of Wallace's likeness for the purpose of creating, manufacturing, shipping, distributing, and selling the Infringing Products, constitute unfair competition in violation of California Business and Professions Code §§ 17200 *et. seq.* in the following respects:

    a. Defendants' misleading and deceptive use of Wallace's likeness constitutes unfair business acts or practices within the meaning of Cal. Bus. & Prof. Code § 17200;

    b. Defendants' misleading and deceptive use of Wallace's likeness is likely to mislead the general public and, consequently, constitutes fraudulent business acts or practices within the meaning of Cal. Bus. & Prof. Code § 17200.

54. By reason of Defendants' misconduct, Defendants have been unjustly enriched at the expense of Plaintiffs in a substantial sum, and Plaintiffs are entitled to the restitution of said sum, which is as yet unknown to Plaintiffs. In addition, Plaintiffs are entitled to disgorgement of Defendants' ill-gotten gains in order to prevent further acts of unfair competition.

55. Defendants did not engage in said misconduct out of a sincere or proper purpose, but did so knowingly and willfully, with the intent of infringing Plaintiffs' valuable rights. Said misconduct was also fraudulent in that the public was lead to believe that Plaintiffs consented to such commercial use of the Wallace's image or that Plaintiffs were associated with Defendants' Infringing Products, stores, and website.

56. Because Defendants' unlawful business practices violate California Code of Civil Procedure § 3344.1, Plaintiffs are also entitled to recover their attorneys' fees and costs as provided for by California Code of Civil Procedure § 3344.1.

57. The aforesaid acts of Defendants have caused and, unless restrained by the Court, will continue to cause great and irreparable injury to Plaintiffs. Moreover, there is the likelihood that the consuming public is and will be deceived by Defendants' false and misleading activities.

58. By reason of the foregoing, Plaintiffs are entitled to injunctive relief and damages to be proven at trial pursuant to Cal. Bus. & Prof. Code §§ 17200.

## FOURTH CAUSE OF ACTION:
## VIOLATION OF NEW JERSEY RIGHT OF PUBLICITY LAWS

59. Plaintiffs reallege and incorporate herein each and every allegation contained in Paragraphs 1-58 as if fully set forth herein.

60. At the time of Wallace's death, Wallace was domiciled in New Jersey. The Wallace Estate was then probated in Bergen County, New Jersey. BIG is the successor-in-interest to the Estate, and thus the common law of the State of New Jersey should control with respect to right of publicity laws.

61. Numerous controlling federal cases recite and explain the protections offered by the State of New Jersey's common law rights of publicity.

62. Defendants' use of Wallace's image in such a prominent manner on their Infringing Products is strictly a commercial use for trade or advertising purposes, and has no public interest, news or historical value.

63. Defendants' activities as alleged above have stripped BIG of its right to control the commercial value and exploitation of Wallace's image and to prevent others from unfairly appropriating this value for their own commercial benefit.

64. BIG never consented to any use of Wallace's likeness by Defendants in any manner whatsoever.

65. Defendants' activities, as alleged above, constitute misappropriation and a violation of Wallace's right of publicity under the common law of the State of New Jersey.

66. Defendants' actions, as alleged above, were deliberate, willful and in conscious disregard of BIG's rights.

67. As a result of the unlawful conduct of Defendants alleged above, Plaintiffs have been and continue to be substantially injured and entitled to the damages they have sustained and will sustain, and any gains, profits, advantages obtained by Defendants as a result of their unlawful acts. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs and will be established according to proof at trial.

68. As a result of the unlawful conduct of Defendants alleged above, Plaintiffs have also suffered and will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law. Accordingly, Plaintiffs are also entitled to a preliminary and permanent injunction restraining Defendants, their agents and employees, and all persons acting in concert or participation with Defendants, from any further use of the Property Rights, including in connection with the Infringing Products and the advertising and promotional campaign surrounding the Infringing Products.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

69. Plaintiffs reallege and incorporate herein each and every allegation contained in Paragraphs 1-68 as if fully set forth herein.

70. As a result of the unlawful conduct of Defendants alleged above, Defendants have been unjustly enriched at Plaintiffs' expense by receiving the benefits of using Wallace's image without permission.

71. As a result of the unlawful conduct of Defendants alleged above, Plaintiffs have been and will continue to be substantially injured and are entitled to the damages they have sustained and will sustain, as well as any gains, profits, and advantages obtained by Defendants as a result of their unlawful acts. At present, the amount of such damages, gains, profits, and advantages cannot be fully

ascertained by Plaintiffs and will be established according to proof at trial.

## SIXTH CAUSE OF ACTION

## INJUNCTIVE RELIEF

72. Plaintiffs reallege and incorporate herein each and every allegation contained in Paragraphs 1-71 as if fully set forth herein.

73. A dispute has arisen between Plaintiffs and Defendants as to the rights and obligations of the Parties, and, specifically, as to the nature of Defendants' use of the Property Rights.

74. The unlawful practices of Defendants alleged in this Complaint persist, and continue to damage Plaintiffs in an amount to be determined at trial.

75. Plaintiffs thus request that this Court fashion an order compelling Defendants to immediately cease and desist their unlawful use of the Property Rights, as well as enjoining Defendants from any future use of the Property Rights without the express written consent of Plaintiffs.

76. Such injunctive relief is necessary and appropriate at this time so that Plaintiffs can be assured that the Property Rights do not continue to be unlawfully exploited by Defendants at this time or in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendants, and their respective partners, agents, and employees, and any and all persons in active concert or participation with Defendants, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing as follows:

1. Preliminarily and permanently enjoining Defendants, and their respective partners, agents, and employees, and any and all other persons in active

concert or participation with Defendants, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing from (a) engaging in the marketing, promotion, offering, rendering, sale or other use in commerce of any products bearing the name, image or likeness of Wallace, or any of the Property Rights; or (b) assisting, aiding or abetting any other person or entity in the marketing, promotion, offering, rendering, sale or other use in commerce of any products bearing the name, image or likeness of Wallace, or any of the Property Rights.

2. Awarding all damages requested in the Complaint including direct, compensatory and incidental damages;

3. Awarding an accounting to Plaintiffs for the gains and profits of Defendants and for the damages sustained by Plaintiffs as a result of the willful, intentional and wrongful conduct of Defendants.

4. Awarding pre- and post-judgment interest;

5. Awarding attorneys' fees, costs, and disbursements in this action; and

6. Awarding such other relief as the Court deems just and proper.

Dated: March 15, 2019          NIXON PEABODY LLP

                               By: */s/Staci Jennifer Riordan*
                                   Staci Jennifer Riordan
                                   Attorney for Plaintiffs
                                   NOTORIOUS B.I.G. LLC,

- 13 -
**COMPLAINT**

**JURY DEMAND**

Plaintiffs hereby request a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: March 15, 2019  NIXON PEABODY LLP

By: */s/Staci Jennifer Riordan*
Staci Jennifer Riordan
Attorney for Plaintiffs
NOTORIOUS B.I.G. LLC