UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Notorious B.I.G. LLC, a Delaware limited liability company<br>　　　　Plaintiff,<br><br>vs.<br><br>Yes. Snowboards, Nidecker Group, Chi Modu, an individual,<br>　　　　Defendants, | CASE NO. 19-cv-1946JAK (KSx)<br>ANSWER and<br>AFFIRMATIVE DEFENSE |



CHI MODU'S ANSWER

SUMMARY OF ACTION

1. Denies having knowledge or information sufficient to form a belief as to the truth or falsity and refers all questions of law to the court.

2.. Denies having knowledge or information sufficient to form a belief as to the truth or falsity and refers all questions of law to the court.

3. Denies having knowledge or information sufficient to form a belief as to the truth or falsity and refers all questions of law to the court.

4. Denies having knowledge or information sufficient to form a belief as to the truth or falsity and refers all questions of law to the court.

5. Denied.

6. Denied

7. Denied.

8. Denied.

9. Denied.

THE PARTIES

10. Denies having knowledge or information sufficient to form a belief as to the truth or falsity and refers all questions of law to the court.

JURISDICTION AND VENUE

11. Chi admits he is subject to personal jurisdiction in the State of California.

12. Denies having knowledge or information sufficient to form a belief as to the truth or falsity and refers all questions of law to the court.

13. Denies having knowledge or information sufficient to form a belief as to the truth or falsity and refers all questions of law to the court.

14. Denied.

15. Denied.

16. Denies this venue is proper on the grounds plaintiffs assert.

17. Denied.

FACTUAL ALLEGATIONS Plaintiffs And Their Business

18 Denies having knowledge or information sufficient to form a belief as to the truth or falsity and refers all questions of law to the court.

19. Denies having knowledge or information sufficient to form a belief as to the truth

or falsity and refers all questions of law to the court.

20. Denies having knowledge or information sufficient to form a belief as to the truth

or falsity and refers all questions of law to the court.

21. Denies having knowledge or information sufficient to form a belief as to the truth

or falsity and refers all questions of law to the court.

22. Denies having knowledge or information sufficient to form a belief as to the truth

or falsity and refers all questions of law to the court.

23. Denied.

COMPLAINT

Defendants And Their Infringing Activities

24. Denied.

25. Denied

26. Denied.

27. Denied.

28. Denied.

29. Denies the plaintiff's claim he infringed but admits that plaintiffs sent

Chi a cease and desist letter while negotiating a license for Chi's copyrighted photos.

Plaintiff's Harm

30. Defendants reallege and reinstate herein each and every answer contained in Paragraphs 1-29 as if fully set forth

31. Denies having knowledge or information sufficient to form a belief as to the truth or falsity and refers all questions of law to the court.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

SECOND CAUSE OF ACTION TRADEMARK INFRINGEMENT

43. Defendants reallege and reinstate herein each and every answer contained in Paragraphs 1-42 as if fully set forth herein.

44. Denies having knowledge or information sufficient to form a belief as to the truth or falsity and refers all questions of law to the court.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

THIRD CAUSE OF ACTION  VIOLATION OF CALIFORNIA STATE UNFAIR COMPETITION LAW

52. Defendants reallege and reinstate herein each and every answer contained in Paragraphs 1-52 as if fully set forth herein.

53. Denied.

54. Denied

55. Denied.

56. Denied

57. Denied.

58. Denied.

FOURTH CAUSE OF ACTION:  VIOLATION OF NEW JERSEY RIGHT OF PUBLICITY LAWS

59. Defendant reallege and reinstates herein each and every allegation contained in Paragraphs 1-58 as if fully set forth herein.

60. Denies having knowledge or information sufficient to form a belief as to the truth or falsity and refers all questions of law to the court.

61. Denies having knowledge or information sufficient to form a belief as to the truth or

falsity and refers all questions of law to the court.

62. Denied.

63. Denied.

64. Denied.

66. Denied.

67. Denied.

68. Denied.

FIFTH CAUSE OF ACTION UNJUST ENRICHMENT

69. Defendant reallege and reinstate herein each and every answer contained in Paragraphs 1-68 as if fully set forth herein.

70. Denied.

71. Denied

72. Denied.

73.. Denied.

74. Denied.

75. Denied.

AFFIRMATIVE DEFENSE

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The compliant, and each claim alleged therein, fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

BIG parties are barred from seeking any relief in this action because of lack of standing.

THIRD AFFIRMATIVE DEFENSE

(Valid Competition)

Some or all of the claims for relief in the complaint are barred because the conduct alleged by BIG was privileged to the extent that CHI may be considered a competitor of BIG and the actions alleged concern matters within the scope of such privilege.

FOURTH AFFIRMATIVE DEFENSE

(Intent to Injure Competition/Restraint of Free Trade)

BIG parties have used, and continue to use, property rights they may have, the existence of which are specifically denied, with the intent and result of restraining trade and of injuring competition, such that the BIG' Parties alleged rights are unenforceable in this action.

FIFTH AFFIRMATIVE DEFENSE

(Laches, Acquiescence and Estoppel)

BIG' claims in the COMPLAINT are barred by the doctrines of laches, acquiescence and estoppel.

SIXTH AFFIRMATIVE DEFENSE

(Unclean hands)

The claims asserted in the COMPLAINT are barred by the doctrine of unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

(Nominative Fair Use)

Any use by Respondent of any alleged property rights of BIG is a fair use.

EIGHTH AFFIRMATIVE DEFENSE

(No Damages)

BIG have stated any claim against CHI, BIG are entitled to no relief as BIG have suffered no damages as a result of the alleged actions of CHI.

NINTH AFFIRMATIVE DEFENSE

(Innocent Intent)

CHI infringed any rights of BIG, which rights are specifically denied, then CHI did so with innocent intent.

TENTH AFFIRMATIVE DEFNESE

(Selective Enforcement)

1. The COMPLAINT, and each claim alleged therein, is barred and/or at least limited by the doctrine of selective enforcement as BIG have not pursued others similarly situated to CHI.

FIFTH AFFIRMATIVE DEFENSE

(Laches, Acquiescence and Estoppel)

BIG' claims in the COMPLAINT are barred by the doctrines of laches, acquiescence and estoppel.

SIXTH AFFIRMATIVE DEFENSE

(Unclean hands)

The claims asserted in the COMPLAINT are barred by the doctrine of unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

(Nominative Fair Use)

Any use by Respondent of any alleged property rights of BIG is a fair use.

EIGHTH AFFIRMATIVE DEFENSE

(No Damages)

BIG have stated any claim against CHI, BIG are entitled to no relief as BIG have suffered no damages as a result of the alleged actions of CHI.

NINTH AFFIRMATIVE DEFENSE

(Innocent Intent)

CHI infringed any rights of BIG, which rights are specifically denied, then CHI did so with innocent intent.

TENTH AFFIRMATIVE DEFNESE

(Selective Enforcement)

1. The COMPLAINT, and each claim alleged therein, is barred and/or at least limited by the doctrine of selective enforcement as BIG have not pursued others similarly situated to CHI.

ELEVENTH AFFIRMATIVE DEFENSE

(No Right to Statutory Damages or Attorneys' Fees)

Any and all claims by BIG to statutory damages and/or attorneys fees are barred under 17 U.S.C. § 412(2) since BIG did not register any alleged interests prior to the alleged actions of CHI or within three (3) months after first publication.

TWELTH AFFIRMATIVE DEFENSE

(Waiver)

Any and all claim to damages by BIG must be barred or at least reduced under the doctrine of waiver.

THIRTEENTH AFFIRMATIVE DEFENSE

(Fraud and Inequitable Conduct)

Any and all claims by BIG are barred or limited as a result of BIG's fraud and inequitable conduct.

FOURTEENTH AFFIRMATIVE DEFENSE

(No Likelihood of Confusion)

There is no likelihood of confusion.

FIFTEENTH AFFIRMATIVE DEFENSE

(No Passing-Off)

There has been no passing-off.

## **PROOF OF SERVICE**

      I am employed in the County of Essex, State of New Jersey. I am over the age of 18 and not a party to the within action. My business address is 536 Broad Street, Newark, New Jersey 07102.

      On April 19, 2019, I served the foregoing documents described as:

- **Affirmative Defense Case No. CV 19-1946 JAK(KSx)**

on the parties in this action by serving:

| | |
|---|---|
| Staci Jennifer Riordan Esq.<br>NIXON PEABODY LLP<br>One California Plaza<br>300 S. Grand Avenue, Suite 4100 Los Angeles, California 90071<br><br>(E) sriordan@nixonpeabody.com | Attorneys for Plaintiff<br>**NOTORIOUS B.I.G. LLC,** |

- **By Mail**: As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Pursuant to that practice the mail is stamped with sufficient postage and then provided to the U.S. postal service on that same day in Los Angeles, California..

**By Fedex Overnight**: I caused the envelope(s) to be delivered to the UPS drop off office located at 338 Palisade Ave., Jersey City, NJ 07306

- ☒ XX for delivery on the next-business-day basis to the offices of the addressee(s).

☐ **By Email Electronic Transmission**: I caused the documents to be sent to the person(s) at the email address(es). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was incomplete or unsuccessful.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 11, 2019 at Jersey City, New Jersey

_____  4/19/19
Sophia Modu

**This envelope is for use with the following services:**

UPS Next Day Air®
UPS Worldwide Express®
UPS 2nd Day Air®

**Insert shipping documents under window from the top.**

Do not use this envelope for:

UPS Ground
Standard
Day Select®
Worldwide Expedited®





Serving you for more than 100 years
United Parcel Service.

CHI MODU
9175582012
UNCATEGORIZED PRESS
212 CENTRAL AVENUE. #301
JERSEY CITY NJ 07307

0.5 LBS    LTR

RECEIVED
CLERK, U.S. DISTRICT COURT

**SHIP TO:**
CIVIL INTAKE
2138943642
UNITED STATES DISTRICT COURT
CV 19-1946 JAK(KSX)
255 E. TEMPLE STREET
LOS ANGELES CA 90012

APR 2 2 2019

CENTRAL DISTRICT

CA 901 9-12

**UPS NEXT DAY AIR**
TRACKING #: 1Z 20E 535 01 3021 6880    1

BILLING: P/P

Reference #1: CV 19-1946 JAK(KSx)

XOL 19.04.02    NV45 09.0A 01/2019

**Extremely Urgent**

ups.com® or call **1-800-PICK-UPS®** (1-800-742-5877)
Schedule a pickup or find a drop off location near you.

Domestic Shipments
qualify for the Letter rate. UPS Express Envelopes may only contain
correspondence, 1
up to 8 oz. or letters
as listed or two

International Shipments
UPS Express
Certain co
com/importi

qualify for the
Express Env

Express En
ning sensiti
n equivalent

use this
inkjet printer on plain paper.

nal Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.