| | |
|---|---|
| 1 | Staci Jennifer Riordan (SBN 232659) |
| | sriordan@nixonpeabody.com |
| 2 | Aaron M. Brian (SBN 213191) |
| | abrian@nixonpeabody.com |
| 3 | Sydney R. Pritchett |
| | NIXON PEABODY, LLP |
| 4 | 300 South Grand Ave., Suite 4100 |
| | Los Angeles, CA 90071 |
| 5 | Telephone: (213) 629-6000 |
| | Facsimile: (213) 629-6001 |
| 6 | |
| 7 | Attorneys for Plaintiff |
| | NOTORIOUS B.I.G. LLC |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOTORIOUS B.I.G., a Delaware limited liability company, | Case No. 19-cv-01946 JAK (KSx) |
| Plaintiff, | **DISCOVERY MATTER** |
| vs. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO CHI MODU (SET ONE); TO COMPEL FURTHER ANSWERS TO PLAINTIFF'S INTERROGATORIES TO CHI MODU (SET ONE); TO DEEM PLAINTIFF'S REQUESTS FOR ADMISSION TO CHI MODU (SET ONE) ADMITTED; AND FOR SANCTIONS IN THE AMOUNT OF $32,392.00** |
| Yes. Snowboards, Nidecker Group, Chi Modu, an individual, Nidecker US, Inc., a Washington Corporation, Nidecker SA, a Switzerland Corporation, DOES 3-8, | |
| Defendants. | |
| | Hearing date:  May 6, 2020 |
| | Time:  10:00 a.m. |
| | Location:  Courtroom 580 |
| | Discovery cutoff date:  June 15, 2020 |
| | Pre-trial conference date: Not yet set |
| | Trial date:  Not yet set |
| | Complaint Filed:  March 15, 2019 |

Case No. 2:19-cv-01946
NOTICE OF MOTION AND MOTION TO COMPEL

4852-7142-7500.4

TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT ON May 6, 2020, or as soon thereafter as the matter may be heard in the above-entitled Court located at the Roybal Federal Courthouse, 255 E. Temple Street, Courtroom 580, Los Angeles, CA, 90012, Plaintiff Notorious B.I.G. will and hereby does move this Court for an order compelling Defendant Chi Modu to produce documents and answer interrogatories, deeming Plaintiff's requests for admission to Chi Modu admitted, and for sanctions of at least $32,392.00.  The motion is made on the grounds that said documents, answers, and admissions are relevant to the subject matter of the action and do not relate to privileged matters, and the refusal to answer is without justification. Additionally, the court must grant sanctions against Mr. Modu if this motion is granted.

    Plaintiff has met and conferred with Mr. Modu, and attended a pre-motion telephonic conference as required by the Magistrate. The Magistrate has authorized the filing of this motion to compel and for sanctions.

    This motion will be based on the Notice of Motion and Motion with its Memorandum of Points and Authorities, the proposed order, and the declaration of Sydney Pritchett and the exhibits thereto filed concurrently herewith.

Dated: March 31, 2020        NIXON PEABODY LLP

By: _/s/ Sydney Pritchett_
Staci Jennifer Riordan
Aaron M. Brian
Sydney Pritchett

Attorneys for Plaintiff
NOTORIOUS B.I.G. LLC

Case No. 2:19-cv-01946
NOTICE OF MOTION AND MOTION TO COMPEL

4852-7142-7500.4

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................. 1

II. PROCEDURAL HISTORY ................................................................................... 2

III. ARGUMENT .......................................................................................................... 4

    a. BIG's Requests for the Production of Documents ................................ 4

        i. Defendant's Responses Were Untimely and Therefore All Objections Are Waived ................................................................. 4

        ii. Defendant Has Failed to Properly Respond to the Majority of the Requests for Production and Has Produced Only Four Documents ................................................................................... 4

    b. BIG'S Interrogatories ............................................................................. 6

        i. Defendant's Responses Were Untimely and Therefore All Objections Are Waived ................................................................. 6

        ii. Defendant Has Failed to Properly Respond to the Majority of the Interrogatories ..................................................................... 6

    c. BIG'S Requests for Admission .............................................................. 7

        i. Defendant's Responses Were Untimely and Therefore Should be Deemed Admitted ......................................................... 7

        ii. In the Alternative, Additional Responses to Most of the Requests for Admission Should be Compelled .......................... 8

    d. SANCTIONS .......................................................................................... 9

IV. CONCLUSION ..................................................................................................... 11

i                Case No. 2:19-cv-01946
NOTICE OF MOTION AND MOTION TO COMPEL
4852-7142-7500.4

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*A. Farber & Partners, Inc. v. Garber*,
 234 F.R.D. 186 (C.D. Cal. 2006) ............................................................................5

*DirecTV, Inc. v. Trone*,
 209 F.R.D. 455 (C.D. Cal. 2002) ............................................................................5

*Federal Trade Comm'n v. Medicor, LLC*
 (CD CA 2002) 217 F.Supp.2d 1048 ......................................................................8

*Inland Concrete Enterprises, Inc. v. Kraft Americas LP*,
 No. CV 10-1776-VBF (OPX), 2011 WL 13209238 (C.D. Cal. Jan. 7, 2011) ........7

*Richmark Corp. v. Timber Falling Consultants*
 (9th Cir. 1992) 959 F2d 1468........................................................................4, 6, 8

*Safeco Ins. Co. of Am. v. Rawstrom*,
 183 F.R.D. 668 (C.D. Cal. 1998) ............................................................................6

**State Statutes**

California Business and Professions Code §17200 ...................................................3

**Regulations**

Order (a) ..................................................................................................................11

**Other Authorities**

Fed. R. Civ. P. 26 ...................................................................................................5, 7

Fed. R. Civ. P. 33(b)(3)-(4) ........................................................................................6

Fed. R. Civ. P. 34(2) ..................................................................................................4

Fed. R. Civ. P. 34(2)(B) .............................................................................................5

Fed. R. Civ. P. 34(2)(C) .............................................................................................5

FRCP 33 .....................................................................................................................6

FRCP 34 .....................................................................................................................7

FRCP 36 .....................................................................................................................8

FRCP 36(a)(3) ........................................................................................................8, 9

ii   Case No. 2:19-cv-01946
NOTICE OF MOTION AND MOTION TO COMPEL
4852-7142-7500.4

FRCP 37 ............................................................................................................................. 4, 6, 7, 9

L.R. 37-4 ........................................................................................................................................ 10

Local rule 37-4 ................................................................................................................................ 9

Rule 36(a)(4) ................................................................................................................................... 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Plaintiff Notorious B.I.G. LLC (hereinafter, "BIG") filed this lawsuit on March 15, 2019 to recover damages for – and enjoin – the Defendants' exploitation of the late Christopher Wallace (p/k/a The Notorious B.I.G.) ("Wallace").  Wallace remains one of the most famous and beloved rappers in history, and fans continue to purchase music, art, clothing and other products associated with him.  This demand leads to unauthorized exploitation of the persona and notoriety that Wallace spent a life creating. In just such an effort to make money off of Wallace's legacy and fame, the Defendants created snowboards featuring Wallace (the "Biggie Snowboards"). As defendant Chi Modu ("Defendant" or "Mr. Modu") stated – these snowboards were created so "the public to get a piece of hip hop[.]" (Dkt. 79-2, ¶ 16.) The Biggie Snowboards feature two photographs of Wallace along with Wallace's trademarked stage name and some of his most famous lyrics.

Because Mr. Modu claims he took the photographs featured on the Biggie Snowboard and then licensed those images to the other defendants, it is integral that BIG receive full and complete discovery responses from him. BIG timely and properly served discovery requests, including Requests for the Production of Documents, Interrogatories, and Requests for Admission in August 2019. Instead of providing the necessary and required discovery responses, Defendant led BIG on a wild goose chase – requiring them to meet and confer twice, attend two telephonic conferences with the magistrate, prepare a joint stipulation that Defendant then refused to participate in, and finally draft and defend this motion to compel.

BIG's discovery requests are narrowly tailored to topics well within the scope of discovery. Defendant's responses were untimely, and therefore all objections have been waived and all BIG's Requests for Admission should be deemed admitted. Additionally, Defendant's responses are evasive and incomplete. The responses to the Requests for Production of documents do not state whether or not documents are

being withheld based on the nonsensical boilerplate objections. The responses to the Interrogatories do not fully answer the questions asked, instead providing vague and unrelated narrative responses. The responses to the Requests for Admission admit information unrelated to the requests. Additionally, Mr. Modu has produced only four documents. Mr. Modu's choice to attach previously unproduced and relevant documents to his motion for summary judgment shows that there are more responsive documents in his possession that he is purposefully withholding without substantial justification.

Defendant has decided to only participate in this litigation when it is advantageous to him. Defendant strung BIG along – promising to provide improved and sufficient responses over a months-long discovery process, before outright refusing to participate. Defendant has provided no justification for his claims that responding to narrowly tailored discovery requests would be too burdensome, when he has been able to compose and file a motion for summary judgment, as well as an entirely new complaint against BIG in another jurisdiction. BIG is still waiting on full and complete answers to the discovery requests it served almost 8 months ago. Defendant has provided no substantial justification for his failures, and therefore sanctions must be issued if the motion to compel is granted.

Accordingly, the motion to compel should be granted – ordering Defendant to supplement his discovery responses and produce all responsive non-privileged documents and deeming the Requests for Admission admitted – and sanctions must be issued.

## II.   PROCEDURAL HISTORY

BIG alleges that Defendants used two photographs featuring Christopher Wallace p/k/a "the Notorious B.I.G.", as well as his name and lyrics, for commercial purposes without proper authorization.  BIG's Complaint (the "Complaint" or the "FAC") was filed on March 15, 2019 and amended on June 20, 2019. It alleges six causes of action: unfair competition and false endorsement; trademark infringement;

1  violation of California Business and Professions Code §17200; violation of New
2  Jersey right of publicity law; unjust enrichment; and injunctive relief. Defendant Chi
3  Modu ("Defendant") filed his answer, affirmative defenses and counterclaim on
4  April 22, 2019, alleging six causes of action: declaratory judgement; defamation;
5  intentional affliction of emotional distress; unfair competition based on filing a
6  malicious lawsuit and unjust enrichment.

7  On or about August 2, 2019, BIG propounded requests for the production of
8  documents, interrogatories, requests for admission, and a deposition notice on
9  Defendant. Declaration of Sydney Pritchett ("Pritchett Decl.") at ¶2. On September
10 13, 2019 Defendant provided responses that were untimely and failed to comply with
11 the code. *Id*. at ¶3. On or about October 7, 2019 BIG sent a letter proposing the
12 parties meet and confer to discuss the deficiencies of Mr. Modu's responses, as laid
13 out in detail in the letter. *Id*. at ¶6. The parties met and conferred on October 30, 2019.
14 *Id*. at ¶5.

15 After attending a pre-motion telephonic conference with the Magistrate on or
16 about December 12, 2019, Defendant was ordered to supplement his discovery
17 responses. *Id* at ¶ 7. These supplemental responses were delivered on December 17,
18 2019. *Id* at ¶ 7. While the supplemental responses improved some of Defendant's
19 responses, they were still deficient with regards to most of the discovery requests. *Id*
20 at ¶ 8.

21 Defendant and Plaintiff's counsel once again met and conferred on January 23,
22 2020. *Id* at ¶ 8. During that meet and confer, Mr. Modu promised to supplement his
23 discovery responses again by February 3, 2020. *Id* at ¶ 9. However, no supplemental
24 responses were delivered. *Id* at ¶10. On February 20, 2020 Mr. Modu informed
25 Plaintiff's counsel that rather than participate in the discovery process he planned to
26 file a motion to stay discovery until after the hearing on his motion for summary
27 judgment. *Id* at ¶ 11. On March 2, 2020, at another pre-motion telephonic conference,
28 the Magistrate authorized BIG to file a motion to compel. *Id* at ¶ 12.

BIG sent its portion of the required joint stipulation, together with all declarations and exhibits to be offered in support of its position on March 17, 2020 to Mr. Modu. *Id*. at ¶14. Mr. Modu did not respond in a timely manner. *Id*. at ¶15. When Plaintiff's counsel reached out to Mr. Modu regarding his failure to respond, Mr. Modu, on March 26, 2020, responded saying he did would not participate in the joint stipulation process. *Id* at ¶16, EX E.  This motion followed.

## III. ARGUMENT

### a. BIG's Requests for the Production of Documents

#### i. Defendant's Responses Were Untimely and Therefore All Objections Are Waived

Written responses to BIG's discovery requests were due within 30 days after being served.  BIG's First Set of Requests for Production to Defendant Chi Modu was served on August 2, 2019. Pritchett Decl. at ¶ 2. Defendant did not respond until September 13, 2019. *Id*. at ¶3.  Even with the additional three days allowed because of service by mail, Mr. Modu's responses are untimely.  Thus all objections are now waived.  FRCP 37; FRCP 34; *Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F2d 1468, 1473.

At the required meet and confer, Defendant did not offer an explanation for his failure to respond in a timely fashion. Even if he had, the rules are clear and the responses must be supplemented now that all objections have been waived.

#### ii. Defendant Has Failed to Properly Respond to the Majority of the Requests for Production and Has Produced Only Four Documents

In response to most of the Requests for Production, Defendant recites boilerplate objections. Even if Defendant did not waive all objections by responding late, which he did, Defendant must supplement his responses to Requests for Production 1, 2, 5, 6, 7, 9, 10, 11, 12, 18, 19, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33,

34, 35, 36, 37, and 38 to provide a proper response.  Pritchett Decl., EX F; Fed. R. Civ. P. 34(2).

The requirements for a response to a request for documents are clear. "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(2)(B).  "An objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(2)(C). The scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case". Fed. R. Civ. P. 26.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citations omitted).  "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

Defendant's responses as listed above are insufficient. They are filled with clearly boilerplate responses and do not state whether responsive materials are being withheld based on those objections.  Accordingly, BIG requests the Court compel Defendant to provide code compliant responses to BIG's requests for production of documents, without objection, as well as all responsive documents on or before May 20, 2020.

    **b.**    **BIG's Interrogatories**

        **i.**    **Defendant's Responses Were Untimely and Therefore All Objections Are Waived**

Written responses to BIG's interrogatories were due within 30 days after being served. BIG's First Set of Interrogatories to Defendant Chi Modu was served on August 2, 2019. Pritchett Decl. at ¶2. Mr. Modu did not serve his initial responses until September 13, 2019. *Id*. at ¶3. Even with the additional three days allowed because of service by mail, Modu's responses are untimely. Thus all objections are now waived. FRCP 37; FRCP 33; *Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F2d 1468, 1473; *Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671-72 (C.D. Cal. 1998) ("[I]nterrogatory objections not included in a timely response are waived even if the objections are contained in a later untimely response, absent a showing of good cause.").

        **ii.**    **Defendant Has Failed to Properly Respond to the Majority of the Interrogatories**

In response to most of the Interrogatories, Defendant recites boilerplate objections. Even if Defendant did not waive all objections by responding late, which he did, Defendant must supplement his responses to the Interrogatories 2, 3, 4, 7, 8, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, and 22. Pritchett Decl. EX F; Fed. R. Civ. P. 33.

There is a clear standard for responses to interrogatories. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(3)-(4). In response to most of the Interrogatories, Defendant recites boilerplate objections, and fails to provide an answer.

For the few where answers are provided, the answers are nonsensical. For

example, Interrogatory No. 10 asks Defendant to state all revenues he derived from products featuring Wallace's name, image or likeness. He responds by reciting boilerplate objections and then stating "CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss manufacturer has all of the relevant sales information. CHI is the artist and creator of the artwork." This exact same response is provided in response to a number of BIG's interrogatories. It is deficient as a response to Interrogatory No. 10 for a number of reasons. It does not identify the revenue that Defendant derived – information that should clearly be within his possession, especially since Modu acknowledges he "licensed" the image of Wallace. It also includes a vague reference to a "Swiss manufacturer". If this is one of the defendants (for example, Nidecker SA), that should be clearly stated.

The information sought in the Interrogatories is critical to establishing BIG's claims and damages. Fed. R. Civ. P. 26. Defendant must supplement his responses because his current responses are "incomplete, evasive, and relied objections that were either waived as untimely or were meritless." *Inland Concrete Enterprises, Inc. v. Kraft Americas LP*, No. CV 10-1776-VBF (OPX), 2011 WL 13209238, at *2 (C.D. Cal. Jan. 7, 2011).

Accordingly, BIG requests the Court compel Defendant to provide code compliant responses to BIG's Interrogatories, without objection on or before May 20, 2020.

    **c.**    **BIG's Request for Admission**

        **i.**    **Defendant's Responses Were Untimely and Therefore Should be Deemed Admitted**

Written responses to BIG's Requests for Admission were due within 30 days after being served. BIG's First Set of Requests for Admission to Defendant Chi Modu was served on August 2, 2019. Pritchett Decl. at ¶2. Mr. Modu did not respond until September 13, 2019. *Id.* at ¶3. Even with the additional three days allowed because of service by mail, Mr. Modu's responses are untimely. Despite the fact that the

Requests for Admission were all deemed admitted, Mr. Modu supplemented his Request for Admission responses with evasive, nonsensical answers on January 16, 2020, as discussed in further detail below. Because both the original and supplemental responses were untimely, all objections are now waived. FRCP 37; FRCP 36; *Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F2d 1468, 1473. Moreover, since Modu failed to timely respond, the Requests for Admission are deemed admitted. FRCP 36(a)(3); *Federal Trade Comm'n v. Medicor, LLC* (CD CA 2002) 217 F.Supp.2d 1048, 1053. Because Modu's responses were untimely, BIG moves for the Court to deem all Requests for Admission (set one) admitted.

### ii. In the Alternative, Additional Responses to Most of the Requests for Admission Should be Compelled

Even if the Requests for Admission are not all deemed admitted, which they must be, Defendant must supplement his responses to Requests for Admission 2, 4, 6, 9, 10, 12, 13, and 14. Pritchett Decl. EX F; Fed. R. of Civ. P. 36.

Rule 36(a)(4) states that "if an answer is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter". A party may only assert lack of knowledge or information as a reason for failing to admit or deny a request for admission "if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

In connection with the Requests for Admission listed above, Mr. Modu fails to meet these requirements. Instead, he provides evasive narrative answers that do not "respond to the substance of the matter."

For the responses listed above, Mr. Modu completely fails to admit or deny what is being requested with no justification for his failure. For example, Request for Admission No. 12 asks Mr. Modu to admit that he "use the term 'Biggie' in

connection with the sale of goods." In response, Mr. Modu recited boilerplate objections and then states "CHI admits that a Swiss manufacturer displayed CHI's artwork for sale on their goods, specifically snowboards." While this is an admission of something, it does not admit or deny the requested information – namely whether or not Mr. Modu has used the term "Biggie" in connection with the sale of goods. This same mistake is repeated through all of the identified responses.

Therefore, to the extent all the Requests for Admission are not deemed admitted as required by FRCP 36(a)(3), BIG moves to compel additional responses to the above listed Requests for Admission.

### d.   SANCTIONS

Defendant is required to pay BIG's reasonable expenses incurred in its multiple attempts to secure the routine discovery sought by this Motion.  FRCP 37; Local rule 37-4.  Accordingly, BIG requests that the Court order Defendant to pay sanctions in the amount of $32,392.00.

Federal Rule of Civil Procedure 37 states that if a motion to compel is granted; "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

This is not an optional award, but rather ***must*** be granted if a motion to compel is granted and Defendant provides no substantial justification for his failure.  Local Rule 37-4 also mandates sanctions when a defendant, like here, fails to participate in the joint stipulation process.

This failure to cooperate is part of Defendant's continued pattern of refusing to participate in the discovery process. Defendant has provided no legal argument, nor could he, for why he is exempt from the discovery requirements.

Additionally, Defendant has shown that he has additional relevant documents that he is withholding without justification. For example, in connection with

1  Defendant's motion for summary judgment, he produced numerous pages of relevant
2  documents that had never before been produced to BIG. See Dkt. 79-4 and 79-5. In
3  connection with his reply in support of the motion for summary judgment, he
4  provided a declaration from a witness who had never previously been identified. Dkt.
5  99-1. Mr. Modu has even found time to file a new case against BIG in New York
6  based on the underlying facts of this case. Mr. Modu's failure to comply with
7  discovery requirements is not substantially justified, and Mr Modu cannot pick and
8  choose when he feels like participating in the litigation process.

9        The requested sanction amount of $32,392.00 is reasonable. Pritchett Decl. at
10 ¶ 17-33. In order to receive the information to which they are entitled, Defendant
11 has forced BIG to organize and attend multiple meet and confers with Defendant,
12 prepare for and attend two pre-motion telephonic hearings with the Magistrate,
13 prepare a joint stipulation that Defendant then refused to participate in, and draft and
14 defend this motion to compel. BIG was forced to take all these steps, only for
15 Defendant to now claim that he has no intent to participate in any further discovery
16 of any form. This required Plaintiff's Counsel to expend 54.4 hours of billable work,
17 at rates that are reasonable based on the experience provided by the relevant counsel.
18 To date, the amount of $27,953.00 has been incurred by Plaintiffs' counsel in an
19 attempt to obtain the discovery that Defendant has withheld without substantial
20 justification. Pritchett Decl. at ¶ 17-32. This amount is reasonably considering the
21 research, drafting, communication, and oral argument in connection with this motion
22 to compel, all of which was necessitated by Defendant's failure to cooperate in good
23 faith in the discovery process and the numerous roadblocks he put in the way of
24 BIG's pursuit of discovery to which it is plainly entitled – and which we know he
25 was withholding (e.g. images of the infringing snowboards). See L.R. 37-4.

26       Additional fees of approximately $4,055.00, will be incurred in connection
27 with the preparation of a reply in support of this motion to compel, and preparing for
28 and attending a hearing on this motion. *Id*. at ¶ 33. Sanctions should include any and

- 10 -   Case No. 2:19-cv-01946
NOTICE OF MOTION AND MOTION TO COMPEL
4852-7142-7500.4

all costs and fees associated with those actions.

Accordingly, BIG requests the Court order Defendant to pay sanctions in the amount of $32,392.00 by May 20, 2020.

## IV.  CONCLUSION

For the foregoing reasons, BIG respectfully requests that the Court enter an Order (a) granting BIG's Motion to Compel Further Responses to BIG's Request for Production of Documents (Set One) and Ordering Defendant to produce all responsive non-privileged documents in its possession, custody or control responsive to BIG's Requests for Production of Documents and serve an amended response to each such Request stating that Defendant has produced all non-privileged documents responsive to the Request; (b) granting BIG's Motion to Compel Better Answers to BIG's Interrogatories Directed to Modu (Set One), (c) deeming all of BIG's Requests for Admission directed to Modu (Set One) admitted, and (d) imposing sanctions of at least $32,392.00.

Dated: March 31, 2020            NIXON PEABODY LLP

By: */s/ Sydney Pritchett*
Staci Jennifer Riordan
Aaron M. Brian
Sydney Pritchett

Attorneys for Plaintiff
NOTORIOUS B.I.G. LLC