Staci Jennifer Riordan (SBN 232659)
sriordan@nixonpeabody.com
Aaron M. Brian (SBN 213191)
abrian@nixonpeabody.com
Sydney R. Pritchett (SBN 319948)
NIXON PEABODY, LLP
300 South Grand Ave., Suite 4100
Los Angeles, CA 90071
Telephone: (213) 629-6000
Facsimile: (213) 629-6001

Attorneys for Plaintiff
NOTORIOUS B.I.G. LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOTORIOUS B.I.G., a Delaware limited liability company,<br><br>       Plaintiff,<br><br>   vs.<br><br>Yes. Snowboards, Nidecker Group, Chi Modu, an individual, Nidecker US, Inc., a Washington Corporation, Nidecker SA, a Switzerland Corporation, DOES 3-8,<br><br>      Defendants. | Case No. 19-cv-01946 JAK (KSx)<br><br>**DECLARATION OF SYDNEY R. PRITCHETT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS**<br><br>Hearing date:    May 6, 2020<br>Time:          10:00 a.m.<br>Location:      Courtroom 580<br><br>Post-Mediation<br>Status Conf.:     Postponed<br>Discovery cutoff date:   Postponed<br>Pre-trial conference date: Not yet set<br>Trial date:         Not yet set<br>Complaint Filed:   March 15, 2019 |

I, Sydney Pritchett, hereby declare as follows,

1.    I am an attorney at Nixon Peabody LLP, attorneys of record for Plaintiff Notorious B.I.G., LLC. I am licensed to practice law in Federal and State court in California. I have personal knowledge of the following facts, and if called

DECLARATION OF SYDNEY R. PRITCHETT

4848-5875-4477.2

as a witness, could and would competently testify thereto under oath.

2. Plaintiff Notorious B.I.G. LLC served requests for the production of documents, interrogatories, and requests for admission on defendant Chi Modu on August 2, 2019.

3. Chi Modu served untimely and incomplete responses to these discovery requests on September 13, 2019.

4. At the time this motion to compel was filed, Chi Modu had produced only four documents in response to the Discovery Requests.

5. Plaintiff's counsel and defendant Chi Modu met and conferred as required by Local Rule 37-1 on October 30, 2019. A summary of the meet and confer conversation that was sent to Mr. Modu is attached hereto as **Exhibit A**.

6. As required by Local Rule 37, before the above meet and confer, Plaintiff's counsel sent defendant Chi Modu a letter outlining the deficiencies in his discovery responses. A copy of that letter is attached hereto as **Exhibit B**.

7. Following a pre-motion telephonic conference with the Honorable Karen Stevenson, Chi Modu served supplemental discovery responses on December 17, 2019.

8. Plaintiff's counsel and defendant Chi Modu met and conferred as required by Local Rule 37-1 on January 23, 2020 to discuss the deficiencies that still remained in Chi Modu's supplemental responses. A summary of the meet and confer conversation that was sent to Mr. Modu is attached hereto as **Exhibit C**.

9. During this meet and confer, Mr. Modu promised to supplement his discovery responses again by February 3, 2020.

10. No supplemental responses were delivered.

11. On February 20, 2020 Mr. Modu informed Plaintiff's counsel that rather than participate in the discovery process he planned to file a motion to stay discovery until the hearing on his motion for summary judgment.

12. On March 2, 2020 a pre-motion telephonic conference was held and

- 2 -                                    Case No. 2:19-cv-01946

DECLARATION OF SYDNEY R. PRITCHETT

1  Plaintiff was authorized to file a motion to compel through the joint stipulation
2  process.

3      13.     The order establishing the initial case schedule is attached hereto as
4  **Exhibit D**.

5      14.     On March 17, 2020, I sent a copy of Plaintiff's portion of the joint
6  stipulation to Mr. Modu, with instructions for how and when to return his portion.
7  See **Exhibit E**. A true and correct copy of Plaintiff's portion of the joint stipulation
8  as sent to Defendant is attached hereto as **Exhibit F**.

9      15.     On March 25, 2020 I reached out to Mr. Modu to alert him that his
10 portion was untimely and to offer him additional time to provide his portion of the
11 joint stipulation. See **Exhibit E**.

12     16.     On March 26, 2020 Mr. Modu responded that he did not plan to
13 participate in the joint stipulation process and Plaintiff was authorized to file their
14 motion to compel without his portions. See **Exhibit E**.

15     17.     To date, the attorneys connected to this matter have expended in
16 excess of 47 hours in connection with its attempts to receive proper and full
17 discovery responses from Chi Modu.

18     18.     In conformity with my firm's practice, the attorneys have maintained
19 time records reflecting their work activity and time spent on these attempts. A true
20 and correct copy of said record is attached hereto as **Exhibit G**.

21     19.     The total number of hours multiplied by the applicable billing rate per
22 hour is $27,953.00.

23     20.     Our firm has extensive experience with civil litigation, including
24 obtaining the discovery necessary to support our claims.

25     21.     I have been practicing law for 4 years. Based upon my experience and
26 skill level, and the skill level required to litigate this case, my rate of approximately
27 $495.00 an hour is reasonable.

28     22.     To date, I have expended in excess of 37 hours on this case, as set

DECLARATION OF SYDNEY R. PRITCHETT

4848-5875-4477.2

forth in the schedule attached hereto as Exhibit G.

23.    The total number of hours multiplied by my applicable billing rate per hour generates a "lodestar" amount of $16,663.50.

24.    Staci Jennifer Riordan has been practicing law for 15 years and is a partner at Nixon Peabody, LLP. Based on her experience and skill level, and the skill level required to litigate this case, her rate of approximately $790.00 an hour is reasonable.

25.    To date, she has expended in excess of 8 hours on this case, as set forth in the schedule attached hereto as Exhibit G.

26.    The total number of her hours multiplied by her applicable billing rate per hour generates a "lodestar" amount of $5,986.00.

27.    Ryan Duckett has been practicing law for 7 years. Based upon his experience and skill level, and the skill level required to litigate this case, his rate of approximately $650.00 an hour is reasonable.

28.    To date, he has expended in excess of 7 hours on this case, as set forth in the schedule attached hereto as Exhibit G.

29.    The total number of his hours multiplied by his applicable billing rate per hour generates a "lodestar amount" of $4,439.00.

30.    Aaron Brian has been practicing law for more than 20 years and is Counsel at Nixon Peabody. Based upon his experience and skill level, and the skill level required to litigate this case, his rate of approximately $665.00 an hour is reasonable.

31.    To date he has expended in excess of 1 hour on this case, as set forth in the schedule attached hereto as Exhibit G.

32.    The total number of his hours multiplied by his applicable billing rate per hour generates a "lodestar amount" of $864.50.

33.    We estimate an additional $4,055.00 in attorneys' fees will be incurred in finalizing and filing a reply in support of the motion to compel, as well

DECLARATION OF SYDNEY R. PRITCHETT

as attending the hearing on the motion. I estimate that I will spend in excess of 5 hours in drafting, finalizing, and filing the reply in support of the motion to compel, as well as attending the hearing on this motion. This leads to a "lodestar" amount of $2,475.00. I estimate that Staci Riordan will spend in excess of 2 hours in drafting, finalizing, and filing the reply in support of the motion to compel. This leads to a "lodestar" amount of $1,580.00.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 31, 2020                    NIXON PEABODY LLP


                                         By: /s/ Sydney R. Pritchett

                                         *Attorneys for Plaintiff*
                                         Notorious B.I.G.

- 5 -                                         Case No. 2:19-cv-01946