**Exhibit A**

**Pinto, Alexandra**

| | |
|---|---|
| **From:** | Pritchett, Sydney |
| **Sent:** | Friday, November 1, 2019 9:11 AM |
| **To:** | chi modu |
| **Subject:** | RE: 2019-10-07 Chi Modu - Ltr to Mr. Modu re Untimely & Insufficient Discovery Reponses |

Hi Mr. Modu,

I wanted to write and confirm what we discussed in our meet and confer call on Wednesday.

As far as our responses to your requests, I reiterated that our responses are accurate. While reserving our right to supplement if anything is discovered, we do not currently have any plans to supplement our responses.

Regarding your responses to our requests - we are willing to accept that the defined term "Infringing Products" may include, among other things, products featuring a photograph that you (Chi Modu) took in 1996 of Wallace standing in the foreground with the World Trade Center towers in the background.  For clarity, however, our requests are not limited to only that single image.  To reiterate, the requests seek information relating to your use of any of your photographs of Wallace.

We both agree to preserve any relevant documents, as required.  We anticipate that you will produce all responsive documents in your possession – be it in physical or electronic format.  You may send those documents electronically if you wish.

If, after reviewing the foregoing, you still refuse to produce code compliant responses, we will be forced to create a joint stipulation asking the court to compel discovery. If we do not hear a response from you by Tuesday, November 5, we will assume you do not plan to supplement your responses and we will begin the joint stipulation process.

Please feel free to reach out if you wish to discuss this further.



**Sydney Pritchett**
Associate
spritchett@nixonpeabody.com
T 213-629-6117 | C 510-325-9070 | F 844-864-3754
Nixon Peabody LLP | 300 South Grand Avenue, Suite 4100 | Los Angeles, CA 90071-3151
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

---

**From:** Pritchett, Sydney
**Sent:** Friday, October 18, 2019 8:59 AM
**To:** 'chi modu' <chimodu@gmail.com>
**Subject:** RE: 2019-10-07 Chi Modu - Ltr to Mr. Modu re Untimely & Insufficient Discovery Reponses

Great. We will speak then.



**Sydney Pritchett**
Associate
spritchett@nixonpeabody.com
T 213-629-6117 | C 510-325-9070 | F 844-864-3754
Nixon Peabody LLP | 300 South Grand Avenue, Suite 4100 | Los Angeles, CA 90071-3151
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** chi modu <chimodu@gmail.com>
**Sent:** Thursday, October 17, 2019 8:44 PM
**To:** Pritchett, Sydney <spritchett@nixonpeabody.com>
**Cc:** Pinto, Alexandra <apinto@nixonpeabody.com>
**Subject:** Re: 2019-10-07 Chi Modu - Ltr to Mr. Modu re Untimely & Insufficient Discovery Reponses

Yes.

—

Chi Modu

+1.917.558.2012
www.chimodu.com
uncategorized.com

> On Oct 17, 2019, at 6:53 PM, Pritchett, Sydney <spritchett@nixonpeabody.com> wrote:
>
> Does 2pm EST (11am PST) on October 30 work for you? And no need to meet by Zoom, we can do this over the phone. We can use the following conference call number:
>
> Toll Free Number: 1-877-870-5858
> Participant Passcode: 873618



**Sydney Pritchett**
Associate
spritchett@nixonpeabody.com
T 213-629-6117 | C 510-325-9070 | F 844-864-3754
Nixon Peabody LLP | 300 South Grand Avenue, Suite 4100 | Los Angeles, CA 90071-3151
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** chi modu <chimodu@gmail.com>
**Sent:** Thursday, October 17, 2019 9:18 AM
**To:** Pritchett, Sydney <spritchett@nixonpeabody.com>
**Cc:** Pinto, Alexandra <apinto@nixonpeabody.com>
**Subject:** Re: 2019-10-07 Chi Modu - Ltr to Mr. Modu re Untimely & Insufficient Discovery Reponses

Thank you. Let's schedule the Meet and Confer for the October 30th date. I'm based out of NYC so I assume it will occur sometime after 12p est. Will we be meeting via Zoom? If so I can send a meeting invitation.

I'll await your response.


-chi

—

Chi Modu

+1.917.558.2012
www.chimodu.com
uncategorized.com


On Oct 16, 2019, at 7:58 PM, Pritchett, Sydney <spritchett@nixonpeabody.com> wrote:

Thank you for your response. We agree to discuss your objections as well as ours at that time. I would be happy to meet and confer any time on Wednesday, October 23, Tuesday, October 29, or Wednesday, October 30. Is there a time on those days that would work for you?



**Sydney Pritchett**
Associate
spritchett@nixonpeabody.com
T 213-629-6117 | C 510-325-9070 | F 844-864-3754
Nixon Peabody LLP | 300 South Grand Avenue, Suite 4100 | Los Angeles, CA 90071-31
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is in be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the m from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly pr and may be unlawful. Thank you.

**From:** chi modu <chimodu@gmail.com>
**Sent:** Wednesday, October 16, 2019 10:33 AM
**To:** Pritchett, Sydney <spritchett@nixonpeabody.com>
**Cc:** Pinto, Alexandra <apinto@nixonpeabody.com>
**Subject:** Re: 2019-10-07 Chi Modu - Ltr to Mr. Modu re Untimely & Insufficient
Discovery Reponses

[EXTERNAL E-MAIL]

Hello Ms. Pritchett,

Thank you for your email. This letter will serve as my response to your request to "Meet and Confer". Whereas I also requested to "Meet and Confer" based on your firms insufficient responses to my discovery demands dated July 15th, 2019. I also requested of your firm, to Meet and Confer in order to allow you to respond and explain your refusal to comply with my discovery requests, which still has yet to occur.

Therefore I would like to request to Meet and Confer on both discovery demands at the same time. It would be a waste of both mine and the courts time to only Meet and Confer on the plaintiffs demands and not the defendants. I would also like this meeting to occur within 2 weeks of this letter.

Also, your objection to my objections are noted. We can also discuss that point in our meeting but to clarify, my position has always been there are no "Infringing Products" due to my federally protected copyrighted use of MY photographs.

I look forward to your response and having a meeting to discuss BOTH of our discovery demands.

—

Chi Modu

+1.917.558.2012
www.chimodu.com
uncategorized.com

> On Oct 15, 2019, at 4:22 PM, Pritchett, Sydney
> <spritchett@nixonpeabody.com> wrote:
>
> Mr. Modu,

We are following up on this email and the attached correspondence that was sent on October 7. To date we have not had any response from you. If you do not respond to this request to meet and confer, we will be forced to move to compel responses to our discovery requests. Based on Local Rule 37-4 "the failure of any counsel to comply with or cooperate" in a motion to compel may result in the imposition of sanctions. As you are representing yourself, you may be personally liable for those sanctions.

Please respond to this communication by **5:00 PM EST Friday, October 18, 2019**.

Sincerely,



**Sydney Pritchett**
Associate
spritchett@nixonpeabody.com
T 213-629-6117 | C 510-325-9070 | F 844-864-3754
Nixon Peabody LLP | 300 South Grand Avenue, Suite 4100 | Los Angeles, CA 9
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The infor be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is and may be unlawful. Thank you.

-----Original Message-----
From: Pinto, Alexandra <apinto@nixonpeabody.com>
Sent: Monday, October 7, 2019 4:18 PM
To: chimodu@gmail.com
Cc: Pritchett, Sydney <spritchett@nixonpeabody.com>
Subject: 2019-10-07 Chi Modu - Ltr to Mr. Modu re Untimely & Insufficient Discovery Reponses

Dear Mr. Modu:

Attached please find correspondence of today's date for your review.

Please do not hesitate to contact our office should you have any questions.

Thank you.

Alex,
Assistant to Sydney Pritchett

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The

information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**Exhibit B**



NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Sydney Pritchett**
*Associate*
spritchett@nixonpeabody.com

Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA  90071-3151
213-629-6000

October 7, 2019

**VIA MAIL & EMAIL @chimodu@gmail.com**

Chi Modu (Pro Se)
210 Central Avenue, #301
Jersey City, NJ 07307

Re:   **UNTIMELY AND INSUFFICIENT DISCOVERY RESPONSES**

Dear Mr. Modu:

In accordance with Federal Rule of Civil Procedure 37, we are writing to request a time to meet and confer regarding the deficiencies in your responses to Plaintiff's Requests for Admission, Requests for the Production of Documents, and Interrogatories (collectively, "Plaintiff's Discovery"). Not only were your responses late, the few responses provided were evasive, and insufficient, as well as some not even being comprehensible.

First, written responses to Plaintiff's discovery were due within 30 days after being served. Plaintiff's Discovery was served on August 2, 2019. You did not respond until September 13, 2019. Even with the additional 3 days allowed because of service by mail, your responses are all untimely. Thus all objections are now waived. FRCP 37; FRCP 34; *Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F2d 1468, 1473.

Second, you have failed to substantively respond to the Requests for Production of Documents ("RFPs") or to produce a single document. Your blanket response that "Discovery is ongoing subject to CHI's exclusive federal copyright protections. CHI reserves his right to supplement this response" does not qualify as a valid response. FRCP 34.  Since your objections are now waived, you must supplement your responses to the RFPs to state whether you have any responsive documents within your possession, custody or control or no documents exist.

Third, you failed to actually answer a single Interrogatory. FRCP 33(b).  Since your objections are now waived, you must supplement each response with a substantive reply. Fourth, your responses to the Requests for Admission ("RFAs") are also problematic. FRCP 36 states that "a denial must fairly respond to the substance of the matter." Permitted responses are admit, deny or a statement detailing why you are unable to admit or deny the matter. FRCP 36; *Asea, Inc. v. Southern Pac. Transp. Co.* (9th Cir. 1981) 669 F2d 1242, 1245-1246.  Your responses all parrot language regarding "the rights, protections and opportunities federally protected under copyright law" that you claim you are

4825-2776-2089.2

Chi Modu
October 7, 2019
Page 2

afforded. Whether or not your work is entitled to copyright protection is irrelevant to your duty to truthfully respond to our requests for admission, and fails to comply with the responses permitted by the Code. FRCP 36. Moreover, since you failed to timely respond, the RFAs are deemed admitted. FRCP 36(a)(3); *Federal Trade Comm'n v. Medicor, LLC* (CD CA 2002) 217 F.Supp.2d 1048, 1053. Thus, Plaintiff does not require a further response to its RFAs.

Accordingly, please provide us dates and times you are available to meet and confer supplementing these responses, within the next seven (7) days, or on or before October 14, 2019. Alternatively, if you prefer to provide us supplemental responses to the RFPs and Interrogatories by October 14, 2019, that would also be acceptable. We would prefer to resolve this amicably than having to seek intervention from the court, but unless you provide the required supplemental responses, we will be forced to make a motion to compel.

Please be advised that nothing in this letter/email is a waiver of any of the Client's rights, nor a complete statement of the facts or the Client's positions, all of which are expressly reserved.

Very truly yours,

Sydney Pritchett

**Exhibit C**

**Pinto, Alexandra**

| | |
|---|---|
| **From:** | Duckett, Ryan |
| **Sent:** | Thursday, January 23, 2020 7:51 PM |
| **To:** | chi modu |
| **Cc:** | Riordan, Staci Jennifer; Pritchett, Sydney; Gutierrez, Heidi |
| **Subject:** | RE: Supplemental Discovery Responses (BIG) |

Mr. Modu,

During our telephonic meet and confer today about your supplemental responses to Plaintiff's RFA's, RFP's and SROG's, you agreed to further supplement your responses by Monday, February 3, 2020 as follows:

RFP's: You agreed to supplement Requests for Production (Nos. 1, 2, 5, 6, 7, 9, 10, 11, 12, 18, 19, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and 38) by clarifying for each request whether any responsive documents exist and whether those responsive documents are in your possession, custody or custody. If you are withholding documents based on a privilege, you will tell us. If another entity has a document, you will tell us who, if you know.

RFA's: You agreed to go through each Request for Admission to which we took issue (Nos. 2, 4, 5, 6, 9, 10, 12, 13, and 14), and will further supplement your responses with either an admission or a denial "to the best of your knowledge." For example, you verbally agreed to admit RFA No. 2 (admit you displayed items using Biggie Images) and to deny RFA No. 4 (admit that you continued to sell products after notification of alleged infringement). You did reserve your right to change those two responses after further review.

SROG's: You agreed go through each interrogatory to which we took issue (Nos. 2, 3, 4, 7, 8, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, and 22) and to supplement them by either clarifying the current response or further responding. We started going through each interrogatory one by one, but once we got to interrogatory No. 5, you decided to stop further elaborating verbally and to do it in writing. While discussing the few interrogatories we covered, you agreed to provide information on the revenue you received from licensing the image in dispute.

Thank you for your time and we look forward to your supplemental responses.

Regards,
Ryan



**Ryan Duckett**
Associate
rduckett@nixonpeabody.com
T 213-629-6145 | C 323-868-6005 | F 844-634-4276
Nixon Peabody LLP | 300 South Grand Avenue, Suite 4100 | Los Angeles, CA 90071-3151
nixonpeabody.com | @NixonPeabodyLLP

Please consider the environment before printing this email.

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** chi modu <chimodu@gmail.com>
**Sent:** Thursday, January 2, 2020 4:06 PM
**To:** Pritchett, Sydney <spritchett@nixonpeabody.com>
**Cc:** Riordan, Staci Jennifer <sriordan@nixonpeabody.com>; Duckett, Ryan <rduckett@nixonpeabody.com>
**Subject:** Re: Supplemental Discovery Responses (BIG)

Hello -

As mentioned, when this was brought up right before the holidays, my work travel schedule for January wasn't solidified.

I'm currently away and unavailable until mid January.

I'm available to meet and discuss the discovery responses the week of the 19th. I'll provide copies of all relevant documents at that time. I available Wednesday the 22nd or Thursday the 23rd at 2p est. let me know if either of those times work.

-chi
—

Chi Modu

+1.917.558.2012
www.chimodu.com
uncategorized.com


On Jan 2, 2020, at 15:13, Pritchett, Sydney <spritchett@nixonpeabody.com> wrote:

Mr. Modu,

We have requested that you give us times to meet and confer regarding your supplemental discovery responses many times. We have also requested the documents that you have promised. If we do not receive a response we will be forced to go to the magistrate with a unilaterally chosen date for a telephonic pre-motion conference.

Please respond with dates when you are available to meet and confer regarding your supplemental discovery responses.



**Sydney Pritchett**
Associate
spritchett@nixonpeabody.com
T 213-629-6117 | C 510-325-9070 | F 844-864-3754
Nixon Peabody LLP | 300 South Grand Avenue, Suite 4100 | Los Angeles, CA 90071-3151
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message

from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

---

**From:** Pritchett, Sydney
**Sent:** Friday, December 27, 2019 8:09 AM
**To:** 'chi modu' <chimodu@gmail.com>
**Cc:** Riordan, Staci Jennifer <sriordan@nixonpeabody.com>; Duckett, Ryan <rduckett@nixonpeabody.com>
**Subject:** RE: Supplemental Discovery Responses (BIG)

Mr. Modu,

Please provide us with times during the week of January 6 when you are available to discuss your supplemental responses to our discovery requests. We will also expect you to provide us with the documents you have promised before that date, so that we are able to fully evaluate to what extent additional responses are needed.



**Sydney Pritchett**
Associate
spritchett@nixonpeabody.com
T 213-629-6117 | C 510-325-9070 | F 844-864-3754
Nixon Peabody LLP | 300 South Grand Avenue, Suite 4100 | Los Angeles, CA 90071-3151
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

---

**From:** Pritchett, Sydney
**Sent:** Thursday, December 19, 2019 8:55 AM
**To:** 'chi modu' <chimodu@gmail.com>
**Cc:** Riordan, Staci Jennifer <sriordan@nixonpeabody.com>; Duckett, Ryan <rduckett@nixonpeabody.com>
**Subject:** RE: Supplemental Discovery Responses (BIG)

Understood. We look forward to speaking to you today and coming up with a time to discuss your supplemental responses in the near future.



**Sydney Pritchett**
Associate
spritchett@nixonpeabody.com
T 213-629-6117 | C 510-325-9070 | F 844-864-3754
Nixon Peabody LLP | 300 South Grand Avenue, Suite 4100 | Los Angeles, CA 90071-3151
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** chi modu <chimodu@gmail.com>
**Sent:** Thursday, December 19, 2019 8:41 AM
**To:** Pritchett, Sydney <spritchett@nixonpeabody.com>
**Cc:** Riordan, Staci Jennifer <sriordan@nixonpeabody.com>; Duckett, Ryan <rduckett@nixonpeabody.com>
**Subject:** Re: Supplemental Discovery Responses (BIG)

Hello Sydney. The meet and confer, scheduled for today at 2p, is to discuss BIG's insufficient responses to my discovery request. We can go through the normal procedure to schedule another discussion to address the issues you raise.

Meeting call in info for today is below. Voice call is fine.

Chi Modu is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://zoom.us/j/901888805

Meeting ID: 901 888 805

One tap mobile
+16465588656,,901888805# US (New York)
+17207072699,,901888805# US (Denver)

-chi

—

Chi Modu

+1.917.558.2012
www.chimodu.com
uncategorized.com

On Dec 18, 2019, at 19:30, Pritchett, Sydney <spritchett@nixonpeabody.com> wrote:

Mr. Modu,

Thank you for providing supplemental responses as required by the Magistrate Judge. While many of your response are now compliant, we would still like to discuss the deficiencies of the following responses:

- Requests for Admissions 2, 4, 5, 6, 9, 10, 12, 13, and 14
- Interrogatories 2, 3, 4, 7, 8, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22
- Requests for Production 1, 2, 5, 6, 7, 9, 10, 11, 12, 18, 19, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38

We would be open to discussing these during our scheduled call Thursday at 2:00pm if that works for you.



**Sydney Pritchett**
Associate
spritchett@nixonpeabody.com
T 213-629-6117 | C 510-325-9070 | F 844-864-3754
Nixon Peabody LLP | 300 South Grand Avenue, Suite 4100 | Los Angeles, CA 90071-31
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is i
be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the m
from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly pr
and may be unlawful. Thank you.

**From:** chi modu <chimodu@gmail.com>
**Sent:** Tuesday, December 17, 2019 11:45 AM
**To:** Pritchett, Sydney <spritchett@nixonpeabody.com>; Riordan, Staci Jennifer <sriordan@nixonpeabody.com>
**Subject:** Supplemental Discovery Responses (BIG)

[EXTERNAL E-MAIL]

Good afternoon,

Please see attached my supplementary discovery responses as per the Judges order. Hard copy to follow via usps mail.

Thank you,

--
**Chi Modu**
CHIMODU.COM
UNCATEGORIZED.COM
RIGHTSANDCLEARANCE.COM

BBC INTERVIEW DEC. 2018



**Tupac Shakur | UNCATEGORIZED**



**Exhibit D**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV19-01946 JAK (KSx) | Date | July 16, 2019 |
|---|---|---|---|
| Title | Notorious B.I.G. LLC v. Yes. Snowboards, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Daisy Rojas and Andrea Keifer | Not Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS) SCHEDULING ORDER SETTING PRETRIAL DEADLINES (DKT. 22); AND**

**ORDER TO SHOW CAUSE WHY DEFENDANT YES.SNOWBOARDS SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION**

The Court has reviewed the parties' June 28, 2019 Joint Report and sets the following deadlines:

| | |
|---|---|
| July 31, 2019: | Response to Order to Show Cause as to why Defendant Yes.Snowboards should not be dismissed for lack of prosecution. |
| August 12, 2019: | Last day to amend or add parties |
| March 30, 2020: | Last day to participate in a settlement conference/mediation |
| April 3, 2020: | Last day to file notice of settlement / joint report re settlement |
| April 13, 2020 at 11:30 a.m.: | Post Mediation Status Conference |
| April 6, 2020: | Non-Expert Discovery Cut-Off |
| April 20, 2020: | Initial Expert Disclosures |
| May 4, 2020: | Rebuttal Expert Disclosures |
| May 18, 2020: | Expert Discovery Cut-Off |
| May 18, 2020: | Last day to file All Motions *(including discovery motions)* |

The parties will be invited to submit proposed dates for the final pretrial conference and trial, if necessary,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01946 JAK (KSx) | Date | July 16, 2019 |
|----------|--------------------------|------|---------------|
| Title | Notorious B.I.G. LLC v. Yes. Snowboards, et al. | | |

upon the Court's final ruling on the motions. The trial estimate will be set at the final pretrial conference.

The Court grants the parties' request to participate in a settlement conference with a member from the ADR Panel. The parties are ordered to have a representative with authority to make final decisions as to this matter present at the settlement conference. If a settlement is reached, the parties are ordered to file a notice of settlement, with a proposed date by which the matter will be dismissed. No appearance will be required on April 13, 2020, if such notice is filed on or before April 3, 2020. If a notice of settlement is not filed, counsel shall file a joint report by April 3, 2020, regarding the status of settlement and whether a second session would be productive. The joint report shall not disclose the substantive contents of any settlement communications between the parties.

Plaintiff shall show cause in writing no later than July 31, 2019, why Defendant Yes.Snowboards should not be dismissed for lack of prosecution. In the absence of showing good cause, an action or defendant shall be dismissed if the summons and complaint have not been served within 90 days after the filing of the complaint pursuant to Fed. R. Civ. P. 4(m). An action or defendant may be dismissed prior to such time if the Plaintiff fails diligently to prosecute the action. The Order to Show Cause will stand submitted upon the filing of an appropriate response. No oral argument will be heard unless otherwise ordered by the Court. Plaintiff is advised that the Court will consider the filing of a responsive pleading to the complaint and/or proof of service, which indicates proper service in full compliance with the federal rules, on or before the date upon which the response is due, as a satisfactory response to the Order to Show Cause.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer     dr