# EXHIBIT E

## Gutierrez, Heidi

| | |
|---|---|
| **From:** | chi modu <chimodu@gmail.com> |
| **Sent:** | Thursday, March 26, 2020 12:25 PM |
| **To:** | Pritchett, Sydney |
| **Cc:** | Riordan, Staci Jennifer |
| **Subject:** | Re: JOINT STIPULATION REGARDING MOTION TO COMPEL ADDITIONAL DISCOVERY FROM CHI MODU |

[EXTERNAL E-MAIL]

Hello Staci and Sydney,

I received your Joint Stipulation. The point of this lawsuit as always been to harm me financially and this over burdensome and costly discovery plans to achieve just that.

Therefore, I must state, I have given you all the information that I am able to provide at this time and you can move forward with your motion to compel.

Best,

Chi



--
**Chi Modu**
CHIMODU.COM
UNCATEGORIZED.COM
RIGHTSANDCLEARANCE.COM

BBC INTERVIEW DEC. 2018



**Tupac Shakur | UNCATEGORIZED**



On Wed, Mar 25, 2020 at 3:21 PM Pritchett, Sydney <spritchett@nixonpeabody.com> wrote:

Dear Mr. Modu,

As stated in our previous email, yesterday was the deadline for you to provide us with your portion of the joint stipulation. We have had no response from you. If you do not provide us with your portion by **5:00pm PST on Thursday, March 26** we will file our motion to compel along with a declaration establishing that you failed to provide your portion in a timely manner. As allowed in Local Rule 37-4, your failure to comply may result in the imposition of sanctions. Please respond to let us know if you plan to provide us with your portion of the joint stipulation.



**Sydney Pritchett**
Associate
spritchett@nixonpeabody.com
T 213-629-6117 | C 510-325-9070 | F 844-864-3754
Nixon Peabody LLP | 300 South Grand Avenue, Suite 4100 | Los Angeles, CA 90071-3151
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** Pritchett, Sydney
**Sent:** Tuesday, March 17, 2020 5:40 PM
**To:** chimodu@gmail.com
**Cc:** Riordan, Staci Jennifer <sriordan@nixonpeabody.com>
**Subject:** JOINT STIPULATION REGARDING MOTION TO COMPEL ADDITIONAL DISCOVERY FROM CHI MODU

Mr. Modu,

As we discussed with the Magistrate, Plaintiff has been authorized to file a motion to compel additional discovery from you following the joint stipulation procedure. Pursuant to Local Rule 37-2.2 we are providing our portion of the stipulation, as well as a supporting declaration with exhibits. Within seven (7) days you shall

deliver (by email is fine) your portion of the stipulation, together with all declarations and exhibits to be offered in support of your position. We will then add your material to the stipulation, provide it to you for signature, and file it with our notice of motion to compel. Out of courtesy we have waited until today to send this stipulation so that you would not be forced to work on the reply in support of your motion for summary judgment and the joint stipulation at the same time.

We look forward to receiving your portion.



**Sydney Pritchett**
Associate
spritchett@nixonpeabody.com
T 213-629-6117 | C 510-325-9070 | F 844-864-3754
Nixon Peabody LLP | 300 South Grand Avenue, Suite 4100 | Los Angeles, CA 90071-3151
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

# EXHIBIT F

Staci Jennifer Riordan (SBN 232659)
sriordan@nixonpeabody.com
Aaron M. Brian (SBN 213191)
abrian@nixonpeabody.com
Sydney R. Pritchett (SBN 319984)
spritchet@nixonpeabody.com
NIXON PEABODY, LLP
300 South Grand Ave., Suite 4100
Los Angeles, CA 90071
Telephone: (213) 629-6000
Facsimile: (213) 629-6001

Attorneys for Plaintiff
NOTORIOUS B.I.G. LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOTORIOUS B.I.G., a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Yes. Snowboards, Nidecker Group, Chi Modu, an individual, Nidecker US, Inc., a Washington Corporation, Nidecker SA, a Switzerland Corporation, DOES 3-8,<br><br>Defendants. | Case No. 19-cv-01946 JAK (KSx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION, INTERROGATORIES, AND DEEM PLAINTIFF'S REQUESTS FOR ADMISSION ADMITTED**<br><br>Complaint Filed:     March 15, 2019<br>Hearing date:<br>Location:<br>Post-Mediation<br>    Status Conf.:     April 13, 2020<br><br>Discovery cutoff date:   April 6, 2020<br>Pre-trial conference date: Not yet set<br>Trial date:             Not yet set |

4818-7475-9598.1

1
2
## TABLE OF CONTENTS

I.    **INTRODUCTORY STATEMENTS OF THE CASE**

    a.  **Joint Procedural Statement**

    b.  **The Parties' Meet and Confer Efforts**

    c.  **Plaintiff's Introductory Statement**

    d.  **Defendant's Introductory Statement**

II.   **ISSUES IN DISPUTE**

    a.  **Plaintiff's Document Requests**

    b.  **Plaintiff's Interrogatories**

    c.  **Plaintiff's Requests for Admission**

III.  **CONCLUSION**

1

2      This Joint Stipulation is submitted by the undersigned parties pursuant to

3   Local Rule 37-2 in connection with Plaintiff Notorious B.I.G.'s ("Plaintiff" or

4   "BIG") Motion to (1) Compel Further Responses and Documents to Plaintiff's

5   Request for Production of Documents (Set One) to Defendant Chi Modu

6   "Defendant" or "Modu"), (2) Compel Further Answers to Plaintiff's

7   Interrogatories Directed to Modu (Set One), and (3) Compel Further Responses

8   to Plaintiff's Request for Admission (Set One) to Defendant Chi Modu.

9   **I.     INTRODUCTORY STATEMENTS OF THE CASE**

10          **A.     Joint Procedural Statement**

11      Plaintiff Notorious B.I.G. LLC ("BIG") alleges that defendants Chi

12   Modu, Yes. Snowboards, Nidecker US, Nidecker SA, and Nidecker Group

13   (collectively, "Defendants") used two photographs featuring Christopher

14   Wallace p/k/a "the Notorious B.I.G.", as well as his name and lyrics, for

15   commercial purposes without proper authorization.  Plaintiff's Complaint (the

16   "Complaint" or the "FAC") was filed on March 15, 2019 and amended on June

17   20, 2019. It alleges six causes of action: unfair competition and false

18   endorsement; trademark infringement; violation of California Business and

19   Professions Code §17200; violation of New Jersey right of publicity law; unjust

20   enrichment; and injunctive relief.  Defendant Chi Modu ("Defendant") filed his

21   answer, affirmative defenses and counterclaim on April 22, 2019, alleging six

22   causes of action: declaratory judgement; defamation; intentional affliction of

23   emotional distress; unfair competition based on filing a malicious lawsuit and

24   unjust enrichment.

25          **B.     The Parties' Meet & Confer Efforts**

26      The Parties met and conferred as required by Local Rule 37-1 on October

27

28

4818-7475-9598.1

30, 2019 and January 23, 2020. Summaries of the meet and confer conversations is attached hereto as an exhibit to the Declaration of Sydney Pritchett ("Pritchett Decl.") filed in support. (Pritchett Decl., ¶¶ 5, 8, Exhibit A, C). On March 2, 2020 Honorable Karen Stevenson authorized BIG to file a motion to compel in the Joint Stipulation format pursuant to Local Rule 73-2. *Id*. at ¶12.

## C.   Plaintiff's Introductory Statement

BIG is the legal representative of the late Christopher George Latore Wallace, p/k/a/ "Notorious B.I.G." or "Biggie" (hereafter, "Wallace"). They hold Wallace's right of publicity, copyrights, and trademarks. Through careful planning and management by BIG, Wallace's large fan base continues to grow. Wallace's work, persona, name, image, and likeness are so strong that he is routinely recognized and highly respected, even after his death. In complete disregard for BIG's rights, and with knowledge of the infringing nature of their actions, Defendants knowingly used Wallace's image, name, and lyrics without permission from nor compensation to BIG. Defendants usurped Wallace's image, name, and lyrics for the sole purpose of profiting from the sale of unauthorized and infringing products, including sports equipment (the "Infringing Products"). The Infringing Products were displayed and sold worldwide – including to customers in the United States – via the Internet, as well as in physical stores. BIG has never been compensated for the Defendants' use of its rights in connection with the Infringing Products.

It is clear that products featuring Wallace's name, image, and likeness were created in connection with the Defendants. Nonetheless, Defendant continues to refuse to fully respond to Plaintiff's discovery requests concerning, among other things, the creation and sale of the Infringing Products, the

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

unauthorized use of images of Wallace, the unauthorized use of Wallace's trademarks and copyrights, the property rights and ownership of photographs of Wallace, and the relationships between the parties.

Firstly, Defendant's responses were untimely. "[F]ailure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.), *cert. dismissed*, 506 U.S. 948, 113 S.Ct. 454 (1992*); Okada v. Whitehead*, 2017 WL 4570770, at *3 (C.D. Cal. Oct. 12, 2017) (finding that untimely interrogatory objections are waived and ordering complete responses); *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007), (unanswered requests for admission, or untimely and deficient responses to the same, are deemed admitted under Fed. R. Civ. P. 36(a)(3)). Accordingly, all of Defendant's objections should be waived and all of Plaintiff's requests for admission should be deemed admitted.

Beyond the timeliness objection, Defendant has produced only four pages in response to the Discovery Requests. Pritchett Decl. at ¶ 4. Defendant also failed to substantively respond to the vast majority of the interrogatories. Similarly, Defendant failed to sufficiently respond to most of Plaintiff's Requests for Admission. After attending a pre-motion telephonic conference with the Magistrate, Defendant was ordered to supplement his discovery responses. *Id* at ¶ 7. These supplemental responses were delivered on December 17, 2019. *Id* at ¶ 7. While the supplemental responses improved some of Defendant's responses, they were still deficient with regards to most of the discovery requests. *Id* at ¶ 8. The Defendant and Plaintiff's counsel once again met and conferred on January 23, 2020. *Id* at ¶ 8. During that meet and confer, Mr. Modu promised to supplement his discovery responses again by February

4818-7475-9598.1

3, 2020. *Id* at ¶ 9. However, no supplemental responses were delivered. *Id* at ¶10. On February 20, 2020 Mr. Modu informed Plaintiff's counsel that rather than participate in the discovery process he planned to file a motion to stay discovery until after the hearing on his motion for summary judgment. *Id* at ¶ 11. On March 2, 2020, at another pre-motion telephonic conference, the Magistrate authorized Plaintiff to file a motion to compel. *Id* at ¶ 12.

Products featuring an unauthorized reproduction of Wallace's name, image and likeness were undeniably created.  Plaintiff served discovery that was narrowly tailored to what was at issue in the case. Defendant responded (late) with boilerplate objections, irrelevant proclamations, and no substantive information.   Defendant has failed to comply with the basic discovery requirements.  Accordingly, the motions to compel and deem admitted should be granted.

### D.    Defendant's Introductory Statement

## II.    ISSUES IN DISPUTE

### A. Plaintiff's Document Requests

**Issue No. 1: Defendant's Responses Were Untimely and Therefore All Objections Are Waived**

**Plaintiff's Arguments and Supporting Authorities:**

Written responses to Plaintiff's discovery were due within 30 days after being served.  Plaintiff's First Set of Requests for Production to Defendant Chi Modu was served on August 2, 2019.  Pritchett Decl. at ¶ 2. Defendant did not respond until September 13, 2019. *Id*. at ¶3.  Even with the additional three days allowed because of service by mail, Modu's responses are untimely.  Thus all

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

objections are now waived.  FRCP 37; FRCP 34; *Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F2d 1468, 1473.

At the required meet and confer, Defendant did not offer an explanation for his failure to respond in a timely fashion. Even if he had, the rules are clear and the responses must be supplemented now that all objections have been waived.

**Defendant's Arguments and Supporting Authorities:**

**Issue No. 2: Defendant Has Produced Only Four Pages of Documents:**

**Plaintiff's Arguments and Supporting Authorities:**

In response to most of the Request for Production, Plaintiff recites boilerplate objections. Because, as discussed above, Defendant's objections are waived, Defendant must supplement his responses to provide a proper response.

The requirements for a response to a request for documents are clear. "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(2)(C). The scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case". Fed. R. Civ. P. 26.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and

7

4818-7475-9598.1

supporting its objections." *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citations omitted). "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Defendant's responses as discussed below are insufficient. They are filled with clearly boilerplate responses and do not state whether responsive materials are being withheld based on those objections. Each such request, as well as the response is reproduced and discussed below.

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 1:**

All documents upon which Defendant intends to rely at any trial or hearing or in connection with any motion in this action.

**DEFENDANT'S RESPONSE TO REQUEST NO. 1:**

CHI objects to the Request that it is vague and ambiguous, overbroad, and unduly burdensome. Subject to and without waiver foregoing objections, CHI provides the following response:

CHI objects to this request that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rules of Evidence 501 and Federal Rules of Evidence 502.

Defendant further objects to this request on the grounds that it is vague and ambiguous to the extent that is asking Defendant to produce document that it may rely upon connection with "any trial or hearing with any motion in this action" when there are no pending motions and there is no trial date set in this

8

action.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense. This request is relevant, as any documents upon which Defendant intends to rely will, by definition, be relevant. Additionally, many – if not all – of these documents must be produced under Federal Rule of Civil Procedure 26(a)(1)(A)(ii).

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**



**REQUEST FOR PRODUCTION NO. 2:**

All documents concerning the creation or development of any Infringing Products.

**DEFENDANT'S RESPONSE TO REQUEST NO. 2:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged

4818-7475-9598.1

1   or protected documents.

2        Defendant objects to the definition of "Infringing Products" to the extent

3   that it is a legal conclusion and implies that Defendant has infringed Plaintiff's

4   rights, which Defendant denies.

5   Defendant further objects to this request as overboard, unduly burdensome, and

6   not reasonably limited in scope, in that seeks information not relevant to any

7   claim or defense in the action and not proportional to the needs of this case.

8   **Plaintiff's Arguments and Supporting Authorities:**

9        Discovery is allowed regarding any nonprivileged matter that is relevant

10  to any party's claim or defense.  This request is relevant because a key claim of

11  the case is that Infringing Products were designed, made, sold, marketed, and

12  displayed by the Defendants. It is clear from documents produced by other

13  parties that Mr. Modu was significantly involved in the creation and

14  development of the Infringing Products. Documents responsive to this request

15  are relevant to the scope, length, and apportionment of Defendant's liability.

16       Additionally, Defendant must state whether responsive documents are

17  being withheld on the basis of this objection.

18  **Defendant's Arguments and Supporting Authorities:**

19

20

21  **REQUEST FOR PRODUCTION NO. 3:**

22       All documents concerning your access to a Biggie Image in order to

23  create the Infringing Products.

24  **DEFENDANT'S RESPONSE TO REQUEST NO. 5:**

25       CHI objects to the Request that it is vague and ambiguous, overbroad,

26  unduly burdensome and seeks information that is neither relevant to any party's

27

28
               10

4818-7475-9598.1

claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  This request is relevant because the process by which the Infringing Products came to feature an image of Wallace is at issue in the case. This request seeks documents relevant to use of a Biggie Image in the creation of the Infringing Products.

Additionally, Defendant must state whether responsive documents are

11

being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning public display of the Infringing Products.

**DEFENDANT'S RESPONSE TO REQUEST NO. 6:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and

12

4818-7475-9598.1

not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  This request is relevant because Plaintiff will need to know where, when, and how the Infringing Products were displayed in order to assess Defendant's liability. Public Displays of the Infringing Products are relevant to Plaintiff's claim that Defendant is capitalizing on Plaintiff's rights without proper authorization.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**



**REQUEST FOR PRODUCTION NO. 7:**

All communications concerning public display of the Infringing Products.

**DEFENDANT'S RESPONSE TO REQUEST NO. 7:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory,

4818-7475-9598.1

privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  This request is relevant because Plaintiff will need to know where, when, and how the Infringing Products were displayed in order to assess Defendant's liability. Public Displays of the Infringing Products are relevant to Plaintiff's claim that Defendant is capitalizing on Plaintiff's rights without proper authorization.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**


**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning cease and desist letters sent to the defendants related to the misuse of images of persons.

**DEFENDANT'S RESPONSE TO REQUEST NO. 9:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of

14

admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request to the extent that it seeks information protected by, the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant further objects to this request to the extent it seeks not in the possession, custody or control of Defendant and on the grounds that it is vague and ambiguous and unduly burdensome in that the request seeks "All documents concerning cease and desist letters sent to the Defendants" and Plaintiff has propounded this identical request for production separately on defendant CHI and Defendant Nidecker S.A.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following response.

Defendant will produce a representative sample of relevant, non privileged documents, if any, in its possession, custody or control that are reasonably responsive to this request and located after a reasonable search.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  This request is relevant because the FAC alleges that defendants were willful in their misuse of Wallace's name, image, and likeness. Previous cease and desist letters would tend to show whether the defendants had the necessary intent for this claim. Documents responsive to this request go directly to what knowledge Defendant had regarding the nature of his use of the Biggie Images. This response is also nonsensical to the extent it

15

4818-7475-9598.1

objects because "Plaintiff has propounded this identical request for production separately on defendant CHI".

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning the ownership of, or property rights, intellectual or physical, of the Infringing Products.

**DEFENDANT'S RESPONSE TO REQUEST NO. 10:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Defendant will provide ownership documents in a reasonable time.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  This request is relevant because Defendant has attempted to evade any and all discovery based on his claims that he owns a copyright in the image used on the Infringing Products, thereby putting ownership rights at issue. Additionally, documents responsive to this request will show the relationship between the defendants, by showing what rights each party holds through agreement or other means, in ways that will be relevant to apportioning liability.

Additionally, it is improper for Defendant to provide responsive documents "in a reasonable time." If responsive documents exist, Defendant must produce them. Defendant does not get to withhold documents because it

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

1    has decided it is not a "reasonable time."

2    **Defendant's Arguments and Supporting Authorities:**

3

4

5    **REQUEST FOR PRODUCTION NO. 11:**

6        All documents concerning the ownership of, or property rights,

7    intellectual or physical, of Biggie Images.

8    **DEFENDANT'S RESPONSE TO REQUEST NO. 11:**

9        CHI objects to the Request that it is vague and ambiguous, overbroad,

10   unduly burdensome and seeks information that is neither relevant to any party's

11   claims or defenses, nor reasonably calculated to lead to the discovery of

12   admissible evidence. Subject to and without waiver foregoing objections, CHI

13   provides the following response:

14   CHI, the creator of the image has all photos in the photo set and series which is

15   proof of creation and ownership. As well as the federal copyright registration

16   document which will be produced in a reasonable time.

17   **Plaintiff's Arguments and Supporting Authorities:**

18       Discovery is allowed regarding any nonprivileged matter that is relevant

19   to any party's claim or defense.  Defendant claims ownership rights in certain

20   Biggie Images. This request is relevant because Defendant claims that he owns

21   a copyright in the image used on the Infringing Products. Defendant's claims

22   puts ownership rights at issue.

23       Further, Defendant's claim that he has "all the photos in the photo set and

24   series" is not actually proof of creation and ownership. Defendant cannot avoid

25   his duty to produce documents concerning the ownership of the intellectual

26   property rights in the Biggie Images by stating that he has the photographs.

27

28

17

4818-7475-9598.1

Additionally, it is improper for Defendant to provide responsive documents "in a reasonable time." If responsive documents exist, Defendant must produce them. Defendant does not get to withhold documents because it has decided it is not a "reasonable time."

**<u>Defendant's Arguments and Supporting Authorities:</u>**

**<u>REQUEST FOR PRODUCTION NO. 12:</u>**

All documents concerning agreements, including but not limited to the agreements and all drafts thereof, relating to the Infringing Products.

**<u>DEFENDANT'S RESPONSE TO REQUEST NO. 12:</u>**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  This request is relevant because, while it is clear that unauthorized products were created that feature Mr. Wallace, it is unclear what role each defendant played in that creation. It is also unclear what rights Defendant claimed to have in certain aspects of the Infringing Products, which would likely be evidenced in an agreement. The requested documents are relevant to that issue, as well as to the calculation of damages.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning any attempted or successful copyright registration related to the Infringing Products.

**DEFENDANT'S RESPONSE TO REQUEST NO. 18:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged

4818-7475-9598.1

1    or protected documents.

2         Defendant objects to the definition of "Infringing Products" to the extent

3    that it is a legal conclusion and implies that Defendant has infringed Plaintiff's

4    rights, which Defendant denies.

5         Defendant further objects to this request as overboard, unduly

6    burdensome, and not reasonably limited in scope, in that seeks information not

7    relevant to any claim or defense in the action and not proportional to the needs

8    of this case.

9    CHI, the creator of the image has all photos in same set and series which is proof

10   of ownership. As well as the federal copyright registration documents which

11   will be produced in a reasonable time.

12   **Plaintiff's Arguments and Supporting Authorities:**

13        Discovery is allowed regarding any nonprivileged matter that is relevant

14   to any party's claim or defense.  This request is relevant because Defendant has

15   attempted to evade any and all discovery based on his claims that he owns a

16   copyright in the image used on the Infringing Products. The ownership of the

17   image used in the Infringing Products is therefore at issue.

18        Further, Defendant's claim that he has "all the photos in the photo set and

19   series" is not definitive proof of creation and ownership. Defendant cannot

20   avoid his duty to produce documents concerning the ownership of the

21   intellectual property rights in the Biggie Images by stating that he has the

22   photographs.

23        Additionally, it is improper for Defendant to provide responsive

24   documents "in a reasonable time." If responsive documents exist, Defendant

25   must produce them. Defendant does not get to withhold documents because it

26   has decided it is not a "reasonable time."

27

28
                                    20

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning any attempted or successful copyright registration related to any Biggie Images.

**DEFENDANT'S RESPONSE TO REQUEST NO. 19:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

CHI, the creator of the image has all photos in same set and series which is proof of ownership. As well as the federal copyright registration documents which

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

will be produced in a reasonable time.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  This request is relevant because Defendant has attempted to evade any and all discovery based on his claims that he owns a copyright in the image used on the Infringing Products. The ownership of the image used in the Infringing Products is at issue.

Further, Defendant's claim that he has "all the photos in the photo set and series" is not definitive proof of creation and ownership. Defendant cannot avoid his duty to produce documents concerning the ownership of the intellectual property rights in the Biggie Images by stating that he has the photographs.

Additionally, it is improper for Defendant to provide responsive documents "in a reasonable time." If responsive documents exist, Defendant must produce them. Defendant does not get to withhold documents because it has decided it is not a "reasonable time."

**Defendant's Arguments and Supporting Authorities:**


**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning the research and development documentation for any Infringing Products.

**DEFENDANT'S RESPONSE TO REQUEST NO. 24:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of

4818-7475-9598.1

admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense. Documents responsive to this request are relevant because whether the defendants' choice to include a Biggie Image on the Infringing Products was an attempt to capitalize on Wallace's publicity is directly at issue in this case. This request also seeks documents that will be relevant to the issue of willfulness.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

**REQUEST FOR PRODUCTION NO. 25:**

All documentation of marketing plans for the Infringing Products.

**DEFENDANT'S RESPONSE TO REQUEST NO. 25:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  Documents responsive to this request are relevant because whether the defendants' choice to include a Biggie Image on the Infringing Products was an attempt to capitalize on Wallace's popularity is directly at issue in this case. This request also seeks documents that will be relevant to the issue of willfulness.

24

4818-7475-9598.1

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 26:**

All documents concerning plaintiff Notorious B.I.G. LLC.

**DEFENDANT'S RESPONSE TO REQUEST NO. 26:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  The relevant time period for this request is explicitly stated as January 2016 to the present, so the request is narrowly tailored. Additionally, documents responsive to this request are relevant because whether the defendants attempted to capitalize on Wallace's publicity, and whether they received authorization to do so, is directly at issue in this case.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**


**REQUEST FOR PRODUCTION NO. 27:**

All communications concerning defendant Yes. Snowboards.

**DEFENDANT'S RESPONSE TO REQUEST NO. 27:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's

rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  Nidecker Group is a company that in some way controls both Nidecker SA and Nidecker US. Nidecker Group manufactures and sells snowboards in the United States and Europe and also manages defendant Yes. Snowboards. The snowboards at issue in this case were likely manufactured and sold by one or all of these entities.  Yes. Snowboards and Defendant worked together to design and create the infringing snowboards. This request is relevant because, while it is clear that unauthorized products were created that feature Mr. Wallace, it is unclear what role each defendant played in that creation. Documents responsive to this request will be relevant to that key issue.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**


**REQUEST FOR PRODUCTION NO. 28:**

All communications concerning defendant Nidecker Group.

**DEFENDANT'S RESPONSE TO REQUEST NO. 28:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of

27

4818-7475-9598.1

admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

Defendant further objects to this request as vague and ambiguous as to the entity called "Nidecker Group".

**<u>Plaintiff's Arguments and Supporting Authorities:</u>**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  Nidecker Group is a company that in some way controls both Nidecker SA and Nidecker US. Nidecker Group manufactures and sells snowboards in the United States and Europe and also manages defendant Yes. Snowboards. The snowboards at issue in this case were likely manufactured and sold by one or all of these entities.  This request is relevant because, while it is clear that unauthorized products were created that feature Mr. Wallace, it is unclear what role each defendant played in that creation. Documents responsive to this request will be relevant to that key issue.

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 29:**

All communications concerning defendant Nidecker US.

**DEFENDANT'S RESPONSE TO REQUEST NO. 29:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

Defendant further objects to this request as vague and ambiguous as the to the entity called "Nidecker US"

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  Nidecker Group is a company that in some way

29

controls both Nidecker SA and Nidecker US. Nidecker Group manufactures and sells snowboards in the United States and Europe and also manages defendant Yes. Snowboards. The snowboards at issue in this case were likely manufactured and sold by one or all of these entities. This request is relevant because, while it is clear that unauthorized products were created that feature Mr. Wallace, it is unclear what role each defendant played in that creation. Documents responsive to this request will be relevant to that key issue.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 30:**

All communications concerning defendant Nidecker SA.

**DEFENDANT'S RESPONSE TO REQUEST NO. 30:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any

30

4818-7475-9598.1

claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  Nidecker Group is a company that in some way controls both Nidecker SA and Nidecker US. Nidecker Group manufactures and sells snowboards in the United States and Europe and also manages defendant Yes. Snowboards. The snowboards at issue in this case were likely manufactured and sold by one or all of these entities.  This request is relevant because, while it is clear that unauthorized products were created that feature Mr. Wallace, it is unclear what role each defendant played in that creation. Communications responsive to this request will be relevant to that key issue.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 31:**

All communications regarding the creation and development of the Infringing Products.

**DEFENDANT'S RESPONSE TO REQUEST NO. 31:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of

4818-7475-9598.1

Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  This request is relevant because a key claim of the case is that Infringing Products were designed, made, sold, marketed, and displayed by the defendants. Plaintiff will need to know what Modu's role and involvement was in the development of the Infringing Products. Communications responsive to this request will be relevant to that issue.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**


**REQUEST FOR PRODUCTION NO. 32:**

All documentation of the relationships, including professional or personal relationships, between the defendants.

**DEFENDANT'S RESPONSE TO REQUEST NO. 32:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's

32

4818-7475-9598.1

claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  Nidecker Group is an entity that in some way controls both Nidecker SA and Nidecker US. Nidecker Group manufactures and sells snowboards in the United States and Europe and also manages defendant Yes. Snowboards. The snowboards at issue in this case were likely manufactured and sold by one or all of these entities.  This request is relevant because, while it is clear that unauthorized products were created that feature Mr. Wallace, it is unclear what role each defendant played in that creation. Documents responsive to this request will be relevant to that key issue.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 33:**

All documentation between you and any representatives of the Plaintiff.

**DEFENDANT'S RESPONSE TO REQUEST NO. 33:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  Documents responsive to this request are relevant because whether or not defendants' use of Wallace's image was authorized is a key issue. Documents between Defendant and Plaintiff would be

34

4818-7475-9598.1

relevant to whether Defendant sought or received permission from Plaintiff to use Biggie Images.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 34:**

All documentation regarding any and all competitors and customers potentially affected by the actions alleged in this action.

**DEFENDANT'S RESPONSE TO REQUEST NO. 34:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  The effect of defendants' use of Wallace's

35

4818-7475-9598.1

image, persona trademarks, and copyrights, is at issue. Accordingly, documents responsive to this request will be relevant.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 35:**

All documents concerning money, or other items of value, paid to you in exchange for the Infringing Products.

**DEFENDANT'S RESPONSE TO REQUEST NO. 35:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

36

4818-7475-9598.1

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  A key issue in this case is whether Modu made money from the unauthorized use of Wallace's image. This request goes directly to that issue. This request is relevant because, while it is clear that unauthorized products were created that feature Mr. Wallace, it is unclear what role each defendant played in that creation. Documents responsive to this request will also be relevant to the calculation of damages.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 36:**

All documents concerning any attempted commercialization of the Infringing Products.

**DEFENDANT'S RESPONSE TO REQUEST NO. 36:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

37

4818-7475-9598.1

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  This request is relevant because, while it is clear that unauthorized products were created that feature Mr. Wallace, it is unclear what role each defendant played in that creation. Additionally, documents responsive to this request will be relevant to the issue of whether or not defendants intended to capitalize on Wallace's popularity. Documents responsive to this request will also be relevant to the calculation of damages.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**


**REQUEST FOR PRODUCTION NO. 37:**

All documents, including tax returns for the relevant years, showing profits made in connection with the Infringing Products.

**DEFENDANT'S RESPONSE TO REQUEST NO. 37:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of

38

4818-7475-9598.1

admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  Documents responsive to this request will be relevant to the calculation of damages.

Additionally, Defendant must state whether responsive documents are being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR PRODUCTION NO. 38:**

All communications with the Defendants that precede the filing of the complaint in this matter.

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

**DEFENDANT'S RESPONSE TO REQUEST NO. 38:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery objects to this request that it seeks information protected by, the work product doctrine the common interest privilege, Federal Rules of Evidence 501 and 502, and/or any applicable common law or statutory, privilege, doctrines or immunities. Defendant will withhold any such privileged or protected documents.

Defendant further objects to this request as overboard, unduly burdensome, and not reasonably limited in scope, in that seeks information not relevant to any claim or defense in the action and not proportional to the needs of this case.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  This request is relevant because, while it is clear that unauthorized products were created that feature Mr. Wallace, it is unclear what role each defendant played in that creation. Additionally, documents responsive to this request will be relevant to the issue of whether or not defendants intended to capitalize on Wallace's popularity. Documents responsive to this request will also be relevant to the calculation of damages. This request also goes to the issue of willfulness.

Additionally, Defendant must state whether responsive documents are

4818-7475-9598.1

being withheld on the basis of this objection.

**Defendant's Arguments and Supporting Authorities:**

## B. PLAINTIFF'S INTERROGATORIES

**Issue No. 1:** Defendant's Responses Were Untimely and Therefore All Objections Are Waived

**Plaintiff's Arguments and Supporting Authorities:**

Written responses to Plaintiff's discovery were due within 30 days after being served. Plaintiff's First Set of Requests for Production to Defendant Chi Modu was served on August 2, 2019. Modu did not serve his initial responses until September 13, 2019. Even with the additional three days allowed because of service by mail, Modu's responses are untimely. Thus all objections are now waived. FRCP 37; FRCP 33; *Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F2d 1468, 1473; *Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671-72 (C.D. Cal. 1998) ("[I]nterrogatory objections not included in a timely response are waived even if the objections are contained in a later untimely response, absent a showing of good cause.").

**Defendant's Arguments and Supporting Authorities:**

**Issue No. 2:** Defendant Has Failed to Respond to the Majority of the Interrogatories:

**Plaintiff's Arguments and Supporting Authorities:**

As discussed above, Defendant has waived any objections to Plaintiff's Interrogatories by not responding in a timely manner.

There is a clear standard for responses to interrogatories. "Each interrogatory must, to the extent it is not objected to, be answered separately

41

4818-7475-9598.1

and fully in writing under oath… The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(3)-(4). In response to most of the Interrogatories, Plaintiff recites boilerplate objections, and fails to provide an answer.

Defendant failed to assert valid objections to Plaintiff's Interrogatories. The information sought in the Interrogatories is critical to establishing Plaintiff's claims and damages. Therefore, supplemental answers should be compelled.

**Defendant's Arguments and Supporting Authorities:**

**INTERROGATORY NO. 1:**

IDENTIFY each and every piece of SUBJECT MERCHANDISE of which you are aware by providing a comprehensive list stating the type of product (i.e., sports equipment, prints, fine art pieces, shirts, handbags, shoes, posters, and so forth), SKU, product code number, or product name for each such product.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates each of its General Objections into this response to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent

that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following response:

CHI licensed his copyrighted photograph to a Swiss manufacture. The Swiss manufacturer has all of the relevant sales information. CHI is the artist and creator of the artwork.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  A key issue in this case is the defendants' capitalization on and commercialization of Wallace's image through the Subject Merchandise. Therefore, this interrogatory is relevant. This interrogatory will also be relevant to the calculation of damages.

This response does not answer the question of what SUBJECT MERCHANDISE (defined as "any items containing a Biggie Image that have been created, designed, or licensed by You") Defendant is aware of.

**Defendant's Arguments and Supporting Authorities:**


**INTERROGATORY NO. 2:**

Detail YOUR sale(s) of SUBJECT MERCHANDISE, indicating the dates on which YOU sold SUBJECT MERCHANDISE, the amount of SUBJECT MERCHANDISE YOU sold, broken down on an item-by-item basis (i.e., by SKU or product code number or name for each product sold), and IDENTIFY all PERSON(s) to which YOU sold SUBJECT MERCHANDISE.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 3:**

Defendant incorporates each of its General Objections into this response

43

4818-7475-9598.1

to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following response:

CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss manufacturer has all of the relevant sales information. CHI is the artist and creator of the artwork.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  A key issue in this case is the defendants' capitalization on and commercialization of Wallace's image through the Subject Merchandise. Therefore, this interrogatory is relevant. This interrogatory is also relevant to the calculation of damages.

Defendant must respond to state what SUBJECT MERCHANDISE *he* sold. This interrogatory seeks information regarding the Defendant's actions, and therefore Defendant cannot avoid answering by stating that another party has relevant information.

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

**Defendant's Arguments and Supporting Authorities:**

**INTERROGATORY NO. 3:**

Provide the revenues derived by YOU from sales of SUBJECT MERCHANDISE, broken down on an item-by-item basis (i.e., by SKU or product code number or name for each product sold).

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 4:**

Defendant incorporates each of its General Objections into this response to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following response:

CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss manufacturer has all of the relevant sales information. CHI is the artist and creator of the artwork.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense. A key issue in this case is the defendants' capitalization on and commercialization of Wallace's image through the Subject

45

4818-7475-9598.1

Merchandise. Therefore, this interrogatory is relevant. This interrogatory is also relevant to the calculation of damages.

This interrogatory asks for the revenues received by Defendant. This information is clearly accessible to Defendant, and he cannot respond by merely saying that another party has sales information that is not being requested by this interrogatory.

**Defendant's Arguments and Supporting Authorities:**

**INTERROGATORY NO. 7:**

Describe in detail the manner in which YOU obtained any BIGGIE IMAGES, including without limitation, the date on which YOU received the images, the identity of the PERSON(s) that provided the images to YOU, and any and all representations that were made in regard to ownership or authorization to use of any BIGGIE IMAGES.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 7:**

Defendant incorporates each of its General Objections into this response to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Subject to the foregoing general and specific objections, and without

waiving the same, Defendant provides the following response:

CHI being professional photographer, has photographed the subject multiple times and this question is too vague answer.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  A key issue in this case is who has the right to use images featuring Wallace. Specifically, Defendant claims he owns a copyright covering the photographs of Wallace used in the Infringing Products, but other evidence produced suggests that Defendant was acting as an employee and never obtained the copyrights to the photographs. Defendant has also produced a copyright registration document that directly contradicts his testimony regarding the year in which he photographed Wallace. Another key issue is in what manner images of Wallace are being used without the appropriate authorization. Therefore, this interrogatory is relevant and Defendant must provide an answer.

**Defendant's Arguments and Supporting Authorities:**


**INTERROGATORY NO. 4:**

IDENTIFY all witnesses with knowledge or information concerning YOUR obtainment or creation of the BIGGIE IMAGES and/or purchase, distribution, or sale of SUBJECT MERCHANDISE.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 8:**

Defendant incorporates each of its General Objections into this response to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest

47

4818-7475-9598.1

privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following response:

CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss manufacturer has all of the relevant sales information. CHI is the artist and creator of the artwork.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  A key issue in this case is who has the right to use images featuring Wallace. Another key issue is in what manner images of Wallace are being used without the appropriate authorization. This interrogatory will also be relevant to the calculation of damages. Therefore, this interrogatory is relevant. Additionally, the relevant time period for this request is explicitly stated as January 2016 to the present, so the request is narrowly tailored.

Defendant's response does not identify any, much less all, witnesses who may have relevant knowledge.

**Defendant's Arguments and Supporting Authorities:**

**INTERROGATORY NO. 5:**

State all revenues (including but not limited to license fees, royalties, and sales revenues) derived by YOU from each and every agreement or customer

related to the SUBJECT MERCHANDISE, broken down by a licensee or customer.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 10:**

Defendant incorporates each of its General Objections into this response to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant objects to this question as compound. This has been asked 3 times.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following response:

CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss manufacturer has all of the relevant sales information. CHI is the artist and creator of the artwork.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense. This interrogatory will be relevant to the calculation of damages. Therefore, this interrogatory is relevant.

Defendant's response does not answer the question asked by this interrogatory as it does not provide any revenue information.

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

**Defendant's Arguments and Supporting Authorities:**

**INTERROGATORY NO. 6:**

IDENTIFY all BIGGIE IMAGES or INFRINGING PRODUCTS provided by YOU to each and every party to an agreement or customer for use in connection with the creation of SUBJECT MERCHANDISE, by (a) stating the date or dates that such image was delivered, (b) the manner in which said image was delivered (i.e., electronic files via email, electronic files via CD, paper copies of artwork, etc.), and (c) providing a brief description of the image to enable a reasonable third party to identify that image.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 11:**

Defendant incorporates each of its General Objections into this response to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant objects to this question as compound. This has been asked 3 times.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following response:

CHI licensed his copyrighted photograph to a Swiss manufacturer. The

50

Swiss manufacturer has all of the relevant sales information. CHI is the artist and creator of the artwork.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  A key issue in this case is who was involved in designing, creating, marketing, and selling the Infringing Products. Also at issue is Defendant's practice of using images of Wallace without proper authorization. A full response to this interrogatory would provide Plaintiff with the information they need to analyze what role Modu played in the creation of Infringing Products, what photographs he provided at what stages of creation, as well as the process of how Infringing Products were provided to customers. Therefore, this interrogatory is relevant.

**Defendant's Arguments and Supporting Authorities:**


**INTERROGATORY NO. 7:**

IDENTIFY all DOCUMENTS which constitute, show or reflect YOUR delivery of any artwork, photographs, or images to a party to an agreement or YOUR customers for the SUBJECT MERCHANDISE.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 12:**

Defendant incorporates each of its General Objections into this response to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any

4818-7475-9598.1

such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant objects to this question as compound. This has been asked 3 times.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following response:

CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss manufacturer has all of the relevant sales information. CHI is the artist and creator of the artwork.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense.  A key issue in this case is who was involved in designing, creating, marketing, and selling the Infringing Products. Also at issue is Defendant's use images of Wallace without proper authorization in the creation of products. Therefore, this interrogatory is relevant.

Defendant does not identify any documents as requested, and therefore does not provide an answer to this interrogatory.

**Defendant's Arguments and Supporting Authorities:**


**INTERROGATORY NO. 8:**

State the period of time in which YOU were selling the SUBJECT MERCHANDISE, including, without limitation, the date on which you first made a sale of the SUBJECT MERCHANDISE, and the date on which YOU made YOUR last sale of SUBJECT MERCHANDISE.

52

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 14:**

Defendant incorporates each of its General Objections into this response to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant objects to this question as compound. This has been asked 3 times.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following response:

CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss manufacturer has all of the relevant sales information. CHI is the artist and creator of the artwork.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense. This interrogatory will be relevant to the calculation of damages, as well as analyzing the scope of defendants' liability. Therefore, this interrogatory is relevant. This interrogatory is also relevant to the issue of willfulness, as it may show that Defendant continued to sell Subject Merchandise beyond the point where they were informed such sales are infringing.

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

This interrogatory is not compound. It asks one question, and then provides details showing what information would qualify as a complete response.

Defendant's response does not provide an answer to the question asked by the interrogatory, accordingly Defendant's response must be supplemented.

**Defendant's Arguments and Supporting Authorities:**

**INTERROGATORY NO. 9:**

State the period of time in which YOU authorized use of any BIGGIE IMAGES or INFRINGING PRODUCTS to any other PERSONS.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 15:**

Defendant incorporates each of its General Objections into this response to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant objects to this question as compound. This has been asked 3 times.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following response:

CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss

1  manufacturer has all of the relevant sales information. CHI is the artist and

2  creator of the artwork.

3  **Plaintiff's Arguments and Supporting Authorities:**

4          Discovery is allowed regarding any nonprivileged matter that is relevant

5  to any party's claim or defense.  A key issue in this case is whether or not Modu

6  gave authorization to others to use images featuring Mr. Wallace without

7  consulting with BIG. Documents responsive to this interrogatory will show the

8  time frame in which Modu may have been giving that authorization and will

9  therefore be relevant to the that issue. Additionally, the relevant time period for

10  this request is explicitly stated as January 2016 to the present, so the request is

11  narrowly tailored.

12          Defendant's response does not provide an answer to the question asked

13  by the interrogatory because it provides no information regarding the time

14  period of his authorization, accordingly Defendant's response must be

15  supplemented.

16  **Defendant's Arguments and Supporting Authorities:**

17

18  **INTERROGATORY NO. 10:**

19          Detail and describe how and why the profits that resulted from YOUR

20  sale of SUBJECT MERCHANDISE should be apportioned among factors other

21  than the BIGGIE IMAGES, providing all bases for the apportionment, and

22  indicating a numerical value in connection with any factors other than the

23  BIGGIE IMAGES that YOU believe resulted in sales of SUBJECT

24  MERCHANDISE.

25  **DEFENDANT'S RESPONSE TO INTERROGATORY NO. 16:**

26          Defendant incorporates each of its General Objections into this response

27

28

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

1  to this interrogatory as if fully set forth herein.

2      Defendant objects to this interrogatory to the extent that it seeks
3  information protected by the work product doctrine, the common interest
4  privilege, Federal Rule of Evidence 501, and/or any other applicable common
5  law or statutory privilege, doctrine, or immunities. Defendant will withhold any
6  such privileged or protected documents.

7      Defendant objects to the definition of "Infringing Products" to the extent
8  that it is a legal conclusion and implies that Defendant has infringed Plaintiff's
9  rights, which Defendant denies.

10     Defendant objects to this question as compound. This has been asked 6
11  times.

12     Subject to the foregoing general and specific objections, and without
13  waiving the same, Defendant provides the following response:

14  CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss
15  manufacturer has all of the relevant sales information. CHI is the artist and
16  creator of the artwork.

17  **<u>Plaintiff's Arguments and Supporting Authorities:</u>**

18     Discovery is allowed regarding any nonprivileged matter that is relevant
19  to any party's claim or defense. This interrogatory will be relevant to the
20  calculation of damages, as well as analyzing the scope of Defendant's liability.
21  Therefore, this interrogatory is relevant.

22     Defendant's response does not provide an answer to the question asked
23  by the interrogatory, accordingly Defendant's response must be supplemented.

24

25

26

27

28

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

**Defendant's Arguments and Supporting Authorities:**

**INTERROGATORY NO. 11:**

IDENTIFY each and every deductible expense that YOU incurred in selling SUBJECT MERCHANDISE by stating (a) the nature of the expense, (b) the amount of the expense, (c) to whom each expense was incurred, (d) how the expense relates to the sale of SUBJECT MERCHANDISE, (e) when and how the expense was paid for, and (f) identifying what DOCUMENTS exist that show or reflect each specific expense.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 17:**

Defendant incorporates each of its General Objections into this response to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following response:

CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss manufacturer has all of the relevant sales information. CHI is the artist and creator of the artwork.

57

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense. This interrogatory will be relevant to the calculation of damages, as well as analyzing the scope of Defendant's liability. Therefore, this interrogatory is relevant.

Defendant's response does not provide an answer to the question asked by the interrogatory because it does not discuss any expenses incurred, accordingly Defendant's response must be supplemented.

**Defendant's Arguments and Supporting Authorities:**


**INTERROGATORY NO. 12:**

State the amount or number of units of SUBJECT MERCHANDISE, broken down on an item-by-item basis (i.e., by SKU or product code number or name for each product sold), that YOU currently have in your possession, custody or control.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 18:**

Defendant incorporates each of its General Objections into this response to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

1    rights, which Defendant denies.

2          Defendant objects to this question as compound. This has been asked 3

3    times.

4          Subject to the foregoing general and specific objections, and without

5    waiving the same, Defendant provides the following response:

6    CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss

7    manufacturer has all of the relevant sales information. CHI is the artist and

8    creator of the artwork.

9    **Plaintiff's Arguments and Supporting Authorities:**

10          Discovery is allowed regarding any nonprivileged matter that is relevant

11   to any party's claim or defense. This interrogatory will be relevant to the

12   calculation of damages, as well as analyzing the scope of Defendant's liability.

13   Therefore, this interrogatory is relevant. It will also be relevant to whether or

14   not injunctive relief is required in connection with SUBJECT MERCHANDISE

15   in Defendant's possession. A full response to this interrogatory would be

16   relevant as the possession and existence of Infringing Products is goes straight

17   to the issue.

18          Defendant's response does not provide an answer to the question asked

19   by the interrogatory, accordingly Defendant's response must be supplemented.

20   **Defendant's Arguments and Supporting Authorities:**

21

22   **INTERROGATORY NO. 13:**

23          Describe all steps taken by YOU when YOU received notice of the

24   allegations of infringement at issue in this case to investigate or remedy the

25   alleged infringement, including without limitation, IDENTIFYing any and all

26   PERSON(s) that YOU contacted as part of YOUR investigation.

27

28

4818-7475-9598.1

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 19:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery is ongoing subject to CHI's exclusive federal copyright protections. CHI reserves his right to supplement this response.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense. This interrogatory will be relevant to the calculation of damages, as well as analyzing the scope of Defendant's liability. This interrogatory will also help identify any individuals that may have additional information regarding the claims found in this case. This interrogatory also goes to the issue of willfulness. Therefore, this interrogatory is relevant.

Defendant's response does not provide an answer to the question asked by the interrogatory, accordingly Defendant's response must be supplemented.

**Defendant's Arguments and Supporting Authorities:**

**INTERROGATORY NO. 14:**

Describe all instances in which YOU have been accused of infringement, either through a written cease and desist letter, or the filing of a civil action, in the last three (3) years, including without limitation the number of times YOU have been so accused, the date of the notice received by YOU of alleged infringement, the disposition of the allegations, and by IDENTIFYing the

60

4818-7475-9598.1

1  PERSON(s) making the allegations.

2  **DEFENDANT'S RESPONSE TO INTERROGATORY NO. 20:**

3      Defendant incorporates each of its General Objections into this response
4  to this interrogatory as if fully set forth herein.

5      Defendant objects to this interrogatory to the extent that it seeks
6  information protected by the work product doctrine, the common interest
7  privilege, Federal Rule of Evidence 501, and/or any other applicable common
8  law or statutory privilege, doctrine, or immunities. Defendant will withhold any
9  such privileged or protected documents.

10      Defendant objects to the definition of "Infringing Products" to the extent
11  that it is a legal conclusion and implies that Defendant has infringed Plaintiff's
12  rights, which Defendant denies.

13      Defendant objects to this question as compound. This has been asked 6
14  times.

15      Subject to the foregoing general and specific objections, and without
16  waiving the same, Defendant provides the following response:

17  CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss
18  manufacturer has all of the relevant sales information. CHI is the artist and
19  creator of the artwork.

20  **Plaintiff's Arguments and Supporting Authorities:**

21      Discovery is allowed regarding any nonprivileged matter that is relevant
22  to any party's claim or defense. This interrogatory will be relevant to the issue
23  of willfulness, namely whether or not Modu knew or should have known he did
24  not have authorization to license images featuring Wallace.

25      Defendant's response does not provide an answer to the question asked
26  by the interrogatory, accordingly Defendant's response must be supplemented.

27

28

61

4818-7475-9598.1

**Defendant's Arguments and Supporting Authorities:**

**INTERROGATORY NO. 21:**

Describe all instances when YOU displayed any INFRINGING PRODUCTS publicly, including but not limited to the dates and locations of any public display.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 21:**

CHI objects to the Request that it is vague and ambiguous, overbroad, unduly burdensome and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver foregoing objections, CHI provides the following response:

Discovery is ongoing subject to CHI's exclusive federal copyright protections. CHI reserves his right to supplement this response.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense. At issue in this case is whether Defendant has been using images of Wallace without proper authorization. This interrogatory will be relevant to the calculation of damages, as well as analyzing the scope of Defendant's liability. The part of this interrogatory that goes to timing is also relevant to the issue of willfulness. Therefore, this interrogatory is relevant.

Defendant's response does not provide an answer to the question asked by the interrogatory, accordingly Defendant's response must be supplemented.

4818-7475-9598.1

**Defendant's Arguments and Supporting Authorities:**

**INTERROGATORY NO. 22:**

Identify the persons involved with each public display identified in Interrogatory 21.

**DEFENDANT'S RESPONSE TO INTERROGATORY NO. 22:**

Defendant incorporates each of its General Objections into this response to this interrogatory as if fully set forth herein.

Defendant objects to this interrogatory to the extent that it seeks information protected by the work product doctrine, the common interest privilege, Federal Rule of Evidence 501, and/or any other applicable common law or statutory privilege, doctrine, or immunities. Defendant will withhold any such privileged or protected documents.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant objects to this question as compound. This has been asked 3 times.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following response:

CHI licensed his copyrighted photograph to a Swiss manufacturer. The Swiss manufacturer has all of the relevant sales information. CHI is the artist and creator of the artwork.

**Plaintiff's Arguments and Supporting Authorities:**

Discovery is allowed regarding any nonprivileged matter that is relevant to any party's claim or defense. At issue in this case is whether Defendant has

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

been using images of Wallace without proper authorization. This interrogatory will be relevant to the calculation of damages, as well as analyzing the scope of defendants' liability. Therefore, this interrogatory is relevant.

Defendant's response does not provide an answer to the question asked by the interrogatory, and merely mentioning an unnamed Swiss company is not sufficient, accordingly Defendant's response must be supplemented.

**Defendant's Arguments and Supporting Authorities:**

### C.   PLAINTIFF'S REQUESTS FOR ADMISSION

**Issue No. 1:** **Defendant's Responses Were Untimely and Therefore All Objections Are Waived**

**Plaintiff's Arguments and Supporting Authorities:**

Written responses to Plaintiff's discovery were due within 30 days after being served.  Plaintiff's First Set of Requests for Admission to Defendant Chi Modu was served on August 2, 2019.  Modu did not respond until September 13, 2019.  Even with the additional three days allowed because of service by mail, Modu's responses are untimely.  Despite the fact that the Requests for Admission were all deemed admitted, Mr. Modu supplemented his RFA responses on January 16, 2020. Because both of these responses were untimely, all objections are now waived.  FRCP 37; FRCP 34; *Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F2d 1468, 1473.  Moreover, since Modu failed to timely respond, the RFAs are deemed admitted.  FRCP 36(a)(3); *Federal Trade Comm'n v. Medicor, LLC* (CD CA 2002) 217 F.Supp.2d 1048, 1053.  Because Modu's responses were untimely, BIG moves for the Court to deem all RFAs admitted.

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

1 **Defendant's Arguments and Supporting Authorities:**

2

3 **Issue No. 2: Defendant Fails to Properly Respond to the Requests for**

4 **Admission Discussed Below.**

5 **Plaintiff's Arguments and Supporting Authorities:**

6      As discussed above, BIG's RFAs to Mr. Modu should be deemed

7 admitted. FRCP 36(a)(3). In the alternative, BIG moves to compel additional

8 responses to the below listed RFAs.

9      Rule 36(a)(4) states that "if an answer is not admitted, the answer must

10 specifically deny it or state in detail why the answering party cannot truthfully

11 admit or deny it. A denial must fairly respond to the substance of the matter". A

12 party may only assert lack of knowledge or information as a reason for failing

13 to admit or deny a request for admission "if the party states that it has made

14 reasonable inquiry and that the information it knows or can readily obtain is

15 insufficient to enable it to admit or deny."

16      In connection with the Requests for Admission discussed below, Mr.

17 Modu fails to meet these requirements. Instead, he provides evasive narrative

18 answers that do not "respond to the substance of the matter." Therefore, to the

19 extent all the Requests for Admission are not deemed admitted as required by

20 FRCP 36(a)(3), BIG moves to compel additional responses to the below

21 Requests for Admission.

22 **REQUEST FOR ADMISSION NO. 2:**

23      ADMIT that YOU publicly displayed items using Biggie Images.

24 **DEFENDANT'S RESPONSE TO REQUEST NO. 2:**

25 Defendant incorporates each of the General Objections into this response to this

26 request as if protections and opportunities federally protected under copyright

27

28

65

law.

Subject to the foregoing general and specific objections, and without waiving the same, Defendant provides the following further response:

Defendant CHI admits he has created and photographed the subject on numerous occasions. In the process of preparing his work product he has replicated the photo to gauge lighting, clarity and other editing factors.

**Plaintiff's Arguments and Supporting Authorities:**

Defendant's response does not "respond to the substance of the matter." Rather than admitting or denying whether he has publically displayed items using Biggie Images, he provides a narrative relating to his creation and replication of Biggie Images.

**Defendant's Arguments and Supporting Authorities:**


**REQUEST FOR ADMISSION NO. 4:**

ADMIT that YOU have continued to sell Infringing Products to third parties after receiving a letter from the Plaintiff notifying you of the infringing nature of the products.

**DEFENDANT'S RESPONSE TO REQUEST NO. 4:**

Defendant incorporates each of its General Objections into this response to this request as if fully set forth herein.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overbroad, unduly burdensome, and not reasonably limited in scope, in that it seeks information not relevant to any

66

4818-7475-9598.1

claim or defense in the action and not proportional to the needs of the case. CHI admits that he worked with a Swiss snowboard maker to showcase and sell his copyrighted art work on their snowboards.

**Plaintiff's Arguments and Supporting Authorities:**

Defendant's response does not "respond to the substance of the matter." Rather than admitting or denying whether he sold Infringing Products after receiving a cease and desist letter from Plaintiff, Defendant merely admits that he worked with an unnamed Swiss snowboard maker. This does not admit or deny the substance of the matter.

**Defendant's Arguments and Supporting Authorities:**

**REQUEST FOR ADMISSION NO. 6:**

ADMIT that YOU authorized the use of Infringing Products by one or all of the Defendants.

**DEFENDANT'S RESPONSE TO REQUEST NO. 6:**

Defendant incorporates each of its General Objections into this response to this request as if fully set forth herein.

Defendant objects to the definition of "Infringing Products" to the extent that it is a legal conclusion and implies that Defendant has infringed Plaintiff's rights, which Defendant denies.

Defendant further objects to this request as overbroad, unduly burdensome, and not reasonably limited in scope, in that it seeks information not relevant to any claim or defense in the action and not proportional to the needs of the case.

CHI admits that he authorized a Swiss snowboard maker to showcase and sell his copyrighted art work on their snowboards.

67

4818-7475-9598.1

**Plaintiff's Arguments and Supporting Authorities:**

Defendant's response does not "respond to the substance of the matter." Rather than admitting or denying whether he authorized one or all of the defendants to use the Infringing Products, he refers to an unnamed "Swiss snowboard maker." If this is a reference to defendant Nidecker SA, Defendant must state that. He also must admit if he authorized any of the other defendants to use the Infringing Products.

**Defendant's Arguments and Supporting Authorities:**


**REQUEST FOR ADMISSION NO. 9:**

ADMIT that YOU did not seek authorization from Plaintiff to use Biggie Images by Nidecker US, Inc.

**DEFENDANT'S RESPONSE TO REQUEST NO. 9:**

Defendant incorporates each of its General Objections into this response to this request as if fully set forth herein.

Defendant further objects to this request as overbroad, unduly burdensome, and not reasonably limited in scope, in that it seeks information not relevant to any claim or defense in the action and not proportional to the needs of the case.

CHI admits that being the creator of the photograph in question and with his protected rights he is authorized to use his photograph in ways protected by copyright law.

**Plaintiff's Arguments and Supporting Authorities:**

Defendant's response does not "respond to the substance of the matter." Rather than admitting or denying whether he sought authorization from the Plaintiff, he merely repeats his baseless claims that he is authorized to use the photograph. Defendant must explicitly admit or deny whether he sought

4818-7475-9598.1

1   authorization from the Plaintiff.

2   **Defendant's Arguments and Supporting Authorities:**

3

4   **REQUEST FOR ADMISSION NO. 10:**

5   ADMIT that YOU did not seek authorization from Plaintiff to use Biggie

6   Images by Nidecker SA.

7   **DEFENDANT'S RESPONSE TO REQUEST NO. 10:**

8   Defendant incorporates each of its General Objections into this response to this

9   request as if fully set forth herein.

10  Defendant further objects to this request as overbroad, unduly burdensome, and

11  not reasonably limited in scope, in that it seeks information not relevant to any

12  claim or defense in the action and not proportional to the needs of the case.

13  CHI admits that being the creator of the photograph in question and with his

14  protected rights he is authorized to use his photograph in ways protected by

15  copyright law.

16  **Plaintiff's Arguments and Supporting Authorities:**

17  Defendant's response does not "respond to the substance of the matter."

18  Rather than admitting or denying whether he sought authorization from the

19  Plaintiff, he merely repeats his baseless claims that he is authorized to use the

20  photograph. Defendant must explicitly admit or deny whether he sought

21  authorization from the Plaintiff.

22  **Defendant's Arguments and Supporting Authorities:**

23

24  **REQUEST FOR ADMISSION NO. 12:**

25  ADMIT that YOU have used the term "Biggie" in connection with the

26  sale of goods.

27

28                                  69

**DEFENDANT'S RESPONSE TO REQUEST NO. 12:**

Defendant incorporates each of its General Objections into this response to this request as if fully set forth herein.

Defendant further objects to this request as overbroad, unduly burdensome, and not reasonably limited in scope, in that it seeks information not relevant to any claim or defense in the action and not proportional to the needs of the case.

CHI admits that a Swiss manufacturer displayed CHI's artwork for sale on their goods, specifically snowboards.

**Plaintiff's Arguments and Supporting Authorities:**

Defendant's response does not "respond to the substance of the matter." Rather than admitting or denying whether he used the term "BIGGIE" in connection with the sale of goods, he recites an unrelated admission about what a Swiss manufacturer did. This request for admission asks only about actions taken by the Defendant, therefore Defendant must admit or deny the actual substance of the matter found in the request.

**Defendant's Arguments and Supporting Authorities:**


**REQUEST FOR ADMISSION NO. 13:**

ADMIT that YOU did not seek authorization from Plaintiff to use the term "Biggie" in connection with the sale of goods.

**DEFENDANT'S RESPONSE TO REQUEST NO. 13:**

Defendant incorporates each of its General Objections into this response to this request as if fully set forth herein.

Defendant further objects to this request as overbroad, unduly burdensome, and not reasonably limited in scope, in that it seeks information not relevant to any

70

claim or defense in the action and not proportional to the needs of the case.

CHI admits that a Swiss manufacturer displayed CHI's artwork for sale on their goods, specifically snowboards.

**Plaintiff's Arguments and Supporting Authorities:**

Defendant's response does not "respond to the substance of the matter." Rather than admitting or denying whether he sought authorization to use the term "BIGGIE" in connection with the sale of goods, he recites an unrelated admission about what a Swiss manufacturer did. This request for admission asks only about actions taken by the Defendant, therefore Defendant must admit or deny the actual substance of the matter found in the request.

**Defendant's Arguments and Supporting Authorities:**


**REQUEST FOR ADMISSION NO. 14:**

ADMIT that Plaintiff never authorized YOUR use of the term "Biggie" in connection with the sale of goods.

**DEFENDANT'S RESPONSE TO REQUEST NO. 14:**

Defendant incorporates each of its General Objections into this response to this request as if fully set forth herein.

Defendant further objects to this request as overbroad, unduly burdensome, and not reasonably limited in scope, in that it seeks information not relevant to any claim or defense in the action and not proportional to the needs of the case.

CHI admits that being the creator of the photograph in question and with his protected rights he is authorized to use his photograph in ways protected by copyright law.

**Plaintiff's Arguments and Supporting Authorities:**

Defendant's response does not "respond to the substance of the matter."

JOINT STIPULATION REGARDING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY
CASE NO. 19-cv-1946-JAK

4818-7475-9598.1

Rather than admitting or denying whether he received authorization from the Plaintiff, he merely repeats his baseless claims that he is authorized to use the photograph. Defendant must explicitly admit or deny whether he sought authorization from the Plaintiff.

**Defendant's Arguments and Supporting Authorities:**

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order (a) granting Plaintiff's Motion to Compel Further Responses to Plaintiff's Request for Production of Documents (Set One) and Ordering Defendant to produce all non-privileged documents in its possession, custody or control responsive to Plaintiff's Requests for Production of Documents and serve an amended response to each such Request stating that Defendant has produced all non-privileged documents responsive to the Request; (b) granting Plaintiff's Motion to Compel Better Answers to Plaintiff's Interrogatories Directed to Modu (Set One) and (c) deeming all of Plaintiff's Requests for Admission directed to Modu (Set One) admitted.

[DEFENDANT'S CONCLUSION].


Dated:  March 30, 2020                        NIXON PEABODY LLP

                                              /s/ *Staci J. Riordan*
                                              Staci J. Riordan
                                              Aaron M. Brian
                                              Sydney R. Pritchett
                                              *Attorneys for Plaintiff*
                                              NOTORIOUS B.I.G. LLC

4818-7475-9598.1

# EXHIBIT G

| Date | TKPR Name | Base Amt | Bs Hrs | Narrative |
|---|---|---|---|---|
| 9/25/2019 | Pritchett, Sydney | $540.00 | 1.20 | Analyze discovery responses from C. Modu and strategize response. |
| 9/25/2019 | Riordan, Staci Jennifer | $365.00 | 0.50 | Review Sydney's memo on Chi's discovery responses and need to meet and confer on same; strategize regarding same; briefly review same |
| 9/26/2019 | Pritchett, Sydney | $810.00 | 1.80 | Compose request to meet and confer laying out deficiencies in discovery responses; legal research for same; circulate same to S. Riordan for review and comment. |
| 10/3/2019 | Riordan, Staci Jennifer | $219.00 | 0.30 | Meet with S. Pritchett regarding meet and confer with Chi regarding his deficent discovery responses. |
| 10/3/2019 | Pritchett, Sydney | $148.50 | 0.30 | meet with S. Riordan regarding meet and confer for Chi. |
| 10/4/2019 | Pritchett, Sydney | $360.00 | 0.80 | Draft letter to Chi Modu outlining deficiencies in discovery; circulate same to S. Riordan for review. |
| 10/4/2019 | Riordan, Staci Jennifer | $292.00 | 0.40 | Further strategize with Sydney regarding meet and confer letter to Chi; brief supplemental research regarding same. |
| 10/7/2019 | Pritchett, Sydney | $585.00 | 1.30 | Review and revise letter to Chi Modu outlining deficiencies in discovery; legal research for same; circulate same to S. Rirodan for review and comment. |
| 10/7/2019 | Riordan, Staci Jennifer | $511.00 | 0.70 | Review and revise meet and confer letter; circulate same to Sydney for finalization. |
| 10/15/2019 | Riordan, Staci Jennifer | $365.00 | 0.50 | strategize with Sydney regarding Chi's failure to respond to discovery and his failure to respond to meet and confer attempts as well as next steps in the motion to compel process. |
| 10/15/2019 | Pritchett, Sydney | $495.00 | 1.10 | Follow-up with Chi regarding attempt to meet and confer regarding discovery deficiencies; stadegize with S. Riordan re same. |
| 10/16/2019 | Pritchett, Sydney | $1,080.00 | 2.40 | Compose e-mail to C. Modu regarding meet and confer; research process for filing motion to compel when defendant refuses to meet and confer. |
| 10/16/2019 | Riordan, Staci Jennifer | $730.00 | 1.00 | Review Chi's response to follow up regarding request to meet and confer; strategize with Sydney regarding same; review joint stipulation process for motion to compel; further e-mails regarding same. |
| 10/30/2019 | Pritchett, Sydney | $450.00 | 1.00 | Attend meet and confer with Chi regarding failure to produce documents; summarize same; send same to S. Riordan for review and comment. |
| 10/31/2019 | Riordan, Staci Jennifer | $438.00 | 0.60 | Review meet and confer summary; review draft e-mail to Chi regarding same; meet with Sydney regarding same. |
| 10/31/2019 | Pritchett, Sydney | $720.00 | 1.60 | Begin to draft joint stipulation regarding motion to compel; meet with S. Riordan regarding same. |
| 11/6/2019 | Riordan, Staci Jennifer | $219.00 | 0.30 | Further meet and confer with Chi regarding his refusal to supplement his responses and produce any documents. |
| 11/6/2019 | Pritchett, Sydney | $900.00 | 2.00 | Complete first draft joint stipulation regarding interrogatories and request for production; circulate same to S. Riordan and A. Brian for review and comment. |

| | | | | |
|---|---|---|---|---|
| 11/12/2019 | Riordan, Staci Jennifer | $219.00 | 0.30 | Briefly further strategize with Aaron regarding joint stipulation to compel Chi's responses. |
| 11/13/2019 | Pritchett, Sydney | $90.00 | 0.20 | Discuss overall changes to be made to joint stipulation with A. Brian. |
| 11/13/2019 | Brian, Aaron | $532.00 | 0.80 | Revise and refine detailed and mandatory joint statement to support our motion to compel further discovery responses from Chi Modu.; meet with Sydney regarding same; confer with Staci regarding same. |
| 11/14/2019 | Pritchett, Sydney | $990.00 | 2.20 | Update joint stipulation to reflect comments made by A. Brian. |
| 11/18/2019 | Brian, Aaron | $332.50 | 0.50 | Review and discuss with Sydney the mandatory and detailed joint statement to support our motion to compel further responses from Modu; exchange e-mail with counsel for Nidecker about location of Nidecker deposition. |
| 11/18/2019 | Riordan, Staci Jennifer | $146.00 | 0.20 | Follow up on service of Joint Stipulation on Chi. |
| 11/18/2019 | Pritchett, Sydney | $900.00 | 2.00 | Draft declaration in support of joint stipulation; finalize joint stipulation and supporting paperwork; send joint stipulation to defendant Chi Modu so he can insert his required portion; research where deposition of PMK may be taken. |
| 11/27/2019 | Riordan, Staci Jennifer | $292.00 | 0.40 | Receive Chi's portion of the joint stipulation, but not availability for the meet and confer with Magistrate; e-mails regarding same. |
| 12/2/2019 | Riordan, Staci Jennifer | $584.00 | 0.80 | Receive response from clerk regarding telephonic meet and confer. Multiple e-mails with Chi regarding same. Strategize with Sydney regarding same. |
| 12/2/2019 | Pritchett, Sydney | $180.00 | 0.40 | Correspond with C. Modu and Magistrate Clerk regarding pre-motion telephonic conference. |
| 12/3/2019 | Riordan, Staci Jennifer | $146.00 | 0.20 | Multiple e-mails with court regarding conference with the magistrate regarding Chi's deficient discovery responses. |
| 12/10/2019 | Pritchett, Sydney | $1,395.00 | 3.10 | Meet with R. Duckett to plan for pre-motion telephonic conference regarding discovery dispute with Chi Modu; create agenda for pre-motion telephonic conference with magistrate judge. |
| 12/11/2019 | Pritchett, Sydney | $2,340.00 | 5.20 | Prepare for hearing with magistrate judge regarding Chi's responses. |
| 12/11/2019 | Riordan, Staci Jennifer | $219.00 | 0.30 | Strategize regarding meet and confer with magistrate. |
| 12/11/2019 | Duckett, Ryan | $744.00 | 1.20 | Conference with S. Pritchett to review issues for the upcoming discovery pre-motion conference with the Magistrate; review agenda for conference and revise; briefly review the propounded discovery and responses. |
| 12/12/2019 | Pritchett, Sydney | $630.00 | 1.40 | Prepare for, attend, and summarize pre-motion telephonic conference with Magistrate Judge regarding Chi Modu's deficient discovery responses; draft and send update to the team regarding same. |

| Date | Name | Amount | Hours | Description |
|---|---|---|---|---|
| 12/12/2019 | Duckett, Ryan | $620.00 | 1.00 | Attend conference with Magistrate, defendant and S. Pritchett on outstanding discovery; discuss result with S. Pritchett and review summary update for internal purposes; review meet and confer demand from defendant. |
| 12/17/2019 | Pritchett, Sydney | $1,575.00 | 3.50 | Review supplemental responses provided by Chi Modu; draft meet and confer request; circulate same to NP team for review and comment. |
| 12/17/2019 | Riordan, Staci Jennifer | $292.00 | 0.40 | Review Chi's supplemental discovery responses; confer with Sydney regarding same and next steps needed in connection with same. |
| 12/17/2019 | Duckett, Ryan | $744.00 | 1.20 | Review supplemental discovery provided by CHI and discuss same briefly with S. Pritchett. |
| 12/18/2019 | Duckett, Ryan | $1,116.00 | 1.80 | Review and comment on meet and confer correspondence to Chi; strategize with S. Pritchett regarding same; assist S. Pritchett with meet and confer proposal to opposing party. |
| 12/19/2019 | Riordan, Staci Jennifer | $219.00 | 0.30 | Review e-mail summary of results of meet and confer with Chi as well as our efforts to further meet and confer with Chi regarding his deficient responses. |
| 12/26/2019 | Riordan, Staci Jennifer | $292.00 | 0.40 | Follow up on open discovery and meet and confer efforts in connection with Chi, Nidecker, Inc. and Nidecker SA. |
| 1/23/2020 | Duckett, Ryan | $990.00 | 2.20 | Prepare for and attend meet and confer with defendant Modu to discuss his inadequate discovery responses; circulate summarizing e-mail to team and Mr. Modu. |
| 2/6/2020 | Pritchett, Sydney | $1,620.00 | 3.60 | Communicate with Chi Modu regarding his plans to file a summary judgment motion and his failure to provide supplemental discovery responses; draft letter stating all of client's positions regarding discovery status. |
| 2/21/2020 | Riordan, Staci Jennifer | $219.00 | 0.30 | Receive further meet and confer e-mail from Chi, asking for a stay of discovery in light of his motion for summary judgment filing; strategize with Sydney regarding same, including discussion of impact on mediation. |
| 3/2/2020 | Duckett, Ryan | $225.00 | 0.50 | Prepare for and participate in discovery conference with magistrate. |
| 3/13/2020 | Pritchett, Sydney | $450.00 | 1.00 | Edit joint stipulation regarding motion to compel. |
| 3/16/2020 | Pritchett, Sydney | $405.00 | 0.90 | Collect exhibits for declaration in support of joint stipulation regarding motion to stay. |
| 3/17/2020 | Riordan, Staci Jennifer | $219.00 | 0.30 | Attention to joint stipulation sent to Chi relating to his failure to respond to discovery. |
| | | $27,953.00 | 54.40 | |