UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01946 JAK (KS) | Date | June 6, 2023 |
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR AN AWARD OF FEES PURSUANT TO THE COURT'S ORDER AT DOCKET ENTRY 211 (DKT. 214)

## I.  Introduction

On March 15, 2019, Plaintiff Notorious B.I.G., LLC ("Plaintiff") filed this action against Chi Modu ("Chi" or "Decedent"), who was a self-represented litigant. Dkt. 1. On June 20, 2019, Plaintiff filed a First Amended Complaint ("FAC"), which is the operative one. Dkt. 32. The FAC asserts six causes of action: (1) unfair competition and false endorsement, in violation of 15 U.S.C. § 1125(a); (2) trademark infringement; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et. seq.*; (4) a violation of the right of publicity under New Jersey law; (5) unjust enrichment; and (6) injunctive relief. *Id.* ¶¶ 36-78.

On February 11, 2020, Chi filed a motion for summary judgment. Dkt. 79 (the "Summary Judgment Motion"). On March 3, 2020, Plaintiff filed an opposition. Dkt. 90. On March 17, 2020, Chi filed a reply. Dkt. 99.

On May 19, 2021, Chi passed away. Dkt. 149. On October 18, 2021, Sophia A. Modu ("Sophia" or "Defendant"), Chi's widow and successor-in-interest, was substituted as a Defendant. Dkt. 164. Defendant then retained counsel. Dkts. 150, 151.

On December 14, 2021, Plaintiff filed a motion for a preliminary injunction. Dkt. 181 (the "Preliminary Injunction Motion"). On January 28, 2022, Defendant filed an opposition. Dkt. 188. On March 14, 2022, Plaintiff filed a reply. Dkt. 190.

On January 14, 2022, Plaintiff filed a motion for sanctions against Defendant. Dkt. 186 (the "Sanctions Motion"). On February 18, 2022, Defendant filed an opposition. Dkt. 189. On March 25, 2022, Plaintiff filed a reply. Dkt. 191.

A hearing on the Preliminary Injunction Motion and the Sanctions Motion was held on May 9, 2022, at which the parties were directed to file supplemental briefing as to certain issues. Dkt. 199. On May 25, 2022, the parties filed their respective supplemental briefs. Dkts. 202, 204.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01946 JAK (KS) | Date | June 6, 2023 |
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | |

On June 3, 2022, the Summary Judgment Motion was denied. Dkt. 211 (the "Prior Order"). At the same time, the Preliminary Injunction Motion was granted as to Defendant's sale of merchandise featuring an image of Christopher Wallace, including but not limited to, its use on skateboards and shower curtains. *Id.* However, the Preliminary Injunction Motion was denied as to Defendant's sale of reproductions of photographs of Wallace, including posters, prints and Non-Fungible Tokens ("NFTs"). *Id.* Plaintiff's Sanctions Motion was granted in part, in that Defendant was ordered to comply with prior Orders, and Plaintiff was permitted to file a motion for an award of attorney's fees and costs incurred in bringing the Sanctions Motion. *Id.* However, it was determined that terminating sanctions were not appropriate at that time. *Id.*

On July 8, 2022, Plaintiff moved for an award of fees pursuant to the Prior Order. Dkt. 214 (the "Motion"). On August 17, 2022, Defendant filed a timely Opposition. Dkt. 217 (the "Opposition"). The following day, Defendant filed a statement correcting an error in the Opposition. Dkt. 218 (the "Correction"). On September 19, 2022, Plaintiff replied to the Opposition. Dkt. 220 (the "Reply").

On November 9, 2022, the Motion was taken **UNDER SUBMISSION** without oral argument. L.R. 7-15. For the reasons stated in this Order, the Motion is **GRANTED IN PART**. Defendant is ordered to pay $15,490 to Plaintiff's counsel within 30 days of the issuance of this Order.

**II.     Factual Background**

      A.     The Underlying Allegations

Christopher Wallace ("Wallace"), who is known professionally as Notorious B.I.G. or Biggie, was a well-known hip hop artist who passed away in 1997. Dkt. 32 ¶¶ 1, 23. Chi was a professional photographer, who was well-known for photographing popular hip hop artists in the 1990s, including Wallace. Dkt. 188-3 ¶¶ 4-5 (Sophia Modu Decl.).

It is alleged that Plaintiff is a Delaware limited liability company that owns and controls the intellectual property rights that were included in Wallace's estate, and is the successor-in-interest to his estate. Dkt. 32 ¶¶ 10, 22-24. It is alleged that, *inter alia*, Plaintiff owns the right of publicity in and to the name, image, voice, signature and likeness of Wallace. *Id.* ¶¶ 20, 23.

It is alleged that Plaintiff has licensed those intellectual property rights in connection with various products including apparel, novelties, beverages, tobacco, toys and posters, and that Plaintiff receives substantial licensing fees in connection with those licensed uses. *Id.* ¶ 25. It is alleged that Plaintiff has engaged in an exclusive license with Republic Licensing, Inc. ("Republic") in connection with the manufacture, promotion and sale of apparel and other goods. *Id.* ¶ 32.

It is alleged that Chi and Defendant have sold "Infringing Products," which are defined as "posters, prints and other artwork," including an archival giclee print of a photograph taken by Chi in 1996 of Wallace standing with the New York City skyline in the background. *Id.* ¶¶ 6, 27. In support of the Preliminary Injunction Motion, Plaintiff argued that Chi and Defendant sold merchandise bearing Wallace's image, including shower curtains and snowboards, and that Plaintiff discovered in November 2021 that Defendant has sold and continues to sell NFTs derived from Chi's photographs. Dkt. 181 at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01946 JAK (KS) | Date | June 6, 2023 |
|---|---|---|---|
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | |

16, 18.

It is alleged that Chi and Defendant never sought authorization from Plaintiff to use its intellectual property rights, and that Chi and Defendant intentionally, and in bad faith, sold the infringing products for their own financial gain. Dkt. 32 ¶¶ 28-30.

It is alleged that Defendant's actions have jeopardized and diminished the value of the exclusive license granted to Republic, which has caused a decrease in the value of Plaintiff's property rights. *Id.* ¶ 33. It is alleged that Defendant's conduct has caused, and will continue to cause, substantial irreparable injury to Wallace's reputation and harm to the value of future endorsement and partnership opportunities available to Plaintiff. *Id.* ¶ 34.

   B.  Procedural History

On or about August 2, 2019, Plaintiff propounded certain discovery requests directed to Chi, including for the production of documents ("RFPs") and interrogatories. Dkt. 131 at 8; *see* Dkt. 186-7 (RFPs); *see also* Dkt. 186-8 (interrogatories).

Based on Chi's continued failures to respond to discovery requests in an appropriate manner, proceedings were conducted by Magistrate Judge Stevenson. During that process, Judge Stevenson entered several orders that required Chi to produce documents in response to the RFPs. On December 12, 2019, Judge Stevenson ordered Chi to provide supplemental responses to the RFPs. Dkt. 66. At that time, Judge Stevenson also directed that Chi "closely review" Fed. R. Civ. P. 33 and 34 to seek a better understanding of his obligations to respond to discovery requests. *Id.* Subsequently, on July 30, 2020, Judge Stevenson granted Plaintiff's Motion to Compel. Dkt. 104; Dkt. 120 (the "July 2020 Order"). That order required Chi to produce, within 14 days, all non-privileged documents responsive to the RFPs or, where appropriate, to state whether any responsive documents had been withheld and, if so, the basis for doing so. *Id.*

On April 26, 2021, the Court granted in part Plaintiff's motion for sanctions against Chi, due to Chi's continued failure to comply with Judge Stevenson's orders, including the July 2020 Order. Dkt. 138 (the "April 2021 Order"). The April 2021 Order stated that Chi had failed to produce documents related to his agreements with Urban Outfitters, Inc. and David Helwani to sell t-shirts bearing images of Wallace. *Id.* at 1-2. The April 2021 Order determined that such documents were responsive to the RFPs. *Id.* at 2. Another order then issued that compelled Chi to produce all non-privileged documents responsive to the RFPs. *Id.* Plaintiff's request for terminating sanctions was denied in light of the availability of less drastic measures. These included the imposition of $5000 in sanctions against Chi, which were to be paid to the Clerk of Court. *Id.* Plaintiff's request to file a motion for attorney's fees and costs with respect to the discovery matters was also approved. *Id.*

After Defendant retained counsel, on September 13, 2021, Defendant provided supplemental responses to Plaintiff's RFPs and interrogatories, and produced more than 700 pages of documents. Dkt. 189-1 ¶¶ 1-2. On November 4, 2021, Defendant paid the $5000 in sanctions as required by the April 2021 Order. *Id.* ¶ 4.

In November 2021, Plaintiff discovered that Chi and Defendant apparently sold and continued to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01946 JAK (KS) | Date | June 6, 2023 |
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | |

receive commission revenue for re-sales of NFTs bearing Wallace's image. Dkt. 186-1 ¶ 6-7. On January 14, 2022, Plaintiff filed the present Sanctions Motion, based on Defendant's alleged continued failure to produce all documents responsive to Plaintiff's discovery requests, including documents related to the NFTs. Dkt. 186.

  C.  The Prior Order

In connection with the Prior Order, Defendant argued that the July 2020 Order and the April 2021 Order only applied to certain RFPs and interrogatories specified in Plaintiff's March 2020 motion to compel. Dkt. 189. at 6. Defendant also argued that those RFPs only relate to "Infringing Products," and the interrogatories are only directed at "subject merchandise." *Id.* at 6-7; *see* Dkt. 186-7 (RFPs); *see also* Dkt. 186-8 (interrogatories). Defendant argued that documents related to the NFTs do not fall under the scope of those discovery requests because, as digital representations of Chi's copyrighted photographs, they are neither infringing products nor items that contain Wallace's image. Dkt. 189 at 6-7.

Defendant's arguments were determined to be unpersuasive in the Prior Order. The April 2021 Order held that documents related to Chi's t-shirt collaborations were responsive to Plaintiff's discovery requests. Dkt. 138 at 2. That same analysis applied to the Sanctions Motion addressed in the Prior Order. Defendant did not deny that she had custody of, but had not produced, nonprivileged documents relating to the sale of the NFTs at issue. *Id.* Defendant's argument that the NFTs are not infringing products or items containing Wallace's image because they are reproductions of copyrighted photos was also rejected. *Id.* at 1. It was deemed a restatement of Defendant's argument on the merits that Plaintiff's claims are preempted by the Copyright Act. *Id.* As the April 2021 Order stated, the "contention by [Chi] that he will prevail on the merits of this action does not excuse noncompliance with his discovery obligations." *Id.* at 2. Plaintiff had made a sufficient showing that such documents are responsive to the RFPs. *Id.*

The Prior Order determined that Defendant's failure and refusal to produce documents related to the NFTs, and/or any other potential documents related to items bearing Wallace's likeness that are sold or licensed by Defendant, violated the April 2021 Order. Dkt. 211 at 15. At the May 9, 2022 hearing on the Preliminary Injunction Motion and Sanctions Motion, Defendant was ordered to comply with the Court's previous orders requiring Defendant to produce documents and further respond to Plaintiff's discovery requests. *See* Dkt. 199.

As noted, the Prior Order determined that terminating sanctions were not warranted given the availability of less drastic remedies. Dkt. 211 at 15. The need to sanction Defendant for her failure to comply with her discovery obligations and to deter future noncompliance was balanced against her substitution in this action and her timely compliance with other court orders, including her payment of the $5000 sanction. *Id.* Those facts supported providing Defendant with an opportunity to litigate this action on the merits. *Id.* Nevertheless, the Prior Order cautioned Defendant that future violations of a court order, discovery rules, or any other rule that applies in this action, could result in the imposition of terminating sanctions. *Id.*

**III.**  <u>Analysis</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01946 JAK (KS) | Date | June 6, 2023 |
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | |

    A.    Legal Standards

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including terminating sanctions. Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

    B.    Application

        1.    <u>The Reasonable Expenses Caused by Defendant's Failure to Comply with Court Orders</u>

The Motion seeks attorney's fees and no other expenses. *See generally* Dkt. 214.

        a)    Legal Standards

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court adopted the lodestar method for calculating attorney's fee awards. A court determines the lodestar by multiplying the number of hours reasonably expended on a particular motion by a reasonable hourly rate. *Id.* at 433. "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986).

In determining the reasonable hourly rate of an attorney, courts must look to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) ("The prevailing market rate in the community is indicative of a reasonable hourly rate."). A party seeking attorney's fees must provide "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A declaration regarding the prevailing rate in the relevant community is sufficient to establish a reasonable hourly rate. *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (internal citation omitted). "When a fee applicant fails to meet its burden of establishing the reasonableness of the requested rates, however, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519-MMM (RZx), 2009 WL 605789 at *5 (C.D. Cal. Mar. 9, 2009); *see Moreno v. Empire City Subway Co.*, No. 05 Civ. 7768 (LMM)(HBP), 2008 WL 793605, at *7 (S.D.N.Y. Mar. 26, 2008) (stating that if fee applicant "has submitted no evidence of the prevailing market rate for attorneys of like skill . . . it is within [the court's] discretion to determine the reasonable hourly rate . . . based on [the court's] familiarity with . . . prevailing rates in the [relevant community]").

In addition to establishing a reasonable hourly rate, a prevailing party in a discovery dispute seeking an award of attorney's fees "bears the burden of proving that the fees and costs taxed are . . . reasonably necessary to achieve the result obtained." *Rucker v. Air Ventures Haw., LLC*, No. 16-00492 HG-KSC, 2017 WL 4158201 at *3 (D. Haw. Sept. 19, 2017) (citing *Tirona v. State Farm Mut. Auto Ins. Co.*, 821 F.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01946 JAK (KS) | Date | June 6, 2023 |
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | |

Supp. 632, 636 (D. Haw. 1993)). However, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). Ultimately, the court must review the time records submitted by the party seeking the fee award to determine whether the hours were reasonably incurred or if "any of the hours were unnecessary, duplicative or excessive," or inadequately documented. *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-cv-02219-HSG (DMR), 2015 WL 3453459 at *1 (N.D. Cal. May 29, 2015) (internal citation omitted).

Even if there is no objection to the number of hours of work performed by an attorney, district courts "may not uncritically accept a fee request, but must review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." *Open Source Sec., Inc v. Perens*, No. 17-cv-04002-LB, 2018 WL 2762637 at *4 (N.D. Cal. June 9, 2018) (quoting *Common Cause v. Jones*, 235 F. Supp.2d 1076, 1079 (C.D. Cal. 2002)). Courts may reduce the fee award where the billing records contain insufficiently descriptive entries, reflect block billing, or billing in large time increments. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947-48 (9th Cir. 2007). Moreover, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotation marks and citation omitted).

    b)  Application

      (1)  <u>Reasonableness of Plaintiff's Attorneys' Billing Rates</u>

Trager has been practicing law for 15 years. Dkt. 139-1 ¶ 42. Her currently hourly rate is $810. Dkt. 214 at 13. Brian has been practicing law for over 20 years. Dkt. 139-1 ¶ 48. His current hourly rate is $725. Dkt. 214 at 13. For time billed in 2021, the hourly rates for Trager and Brian were $810 and $600, respectively. *See* Dkt. 220-4. Zhai has over eight years of experience, almost exclusively in intellectual property matters. Dkt. 214-1 ¶ 9. His hourly rate is $600. *Id.* ¶ 6.

The requested billing rates are reasonable. *First*, Defendant does not contest the billing rates requested by Plaintiff's counsel, only the number of hours they reported. *See generally* Dkt. 217. *Second*, Magistrate Judge Stevenson previously found that the respective hourly rates of Trager and Brian were reasonable. Dkt. 126 at 10. In connection with another fees motion in this matter, this Court approved the respective hourly rates of Trager and Brian. Dkt. 210; Dkt. 185 at 11. Although the rates of Plaintiff's counsel have increased somewhat since the time of those prior orders, those increases are commensurate with the increase in hourly rates charged by attorneys in the Los Angeles area. *Third*, in another matter, this Court approved rates from $591.60 to $872 for counsel with seniority ranging from a fifth-year associate to a partner. *Laub v. Horbaczewski*, No. 2:17-CV-06210-JAK (KS), 2021 WL 2273462 at *5 (C.D. Cal. Apr. 29, 2021). *Finally*, Plaintiff submitted evidence from a 2020 Thomson Reuters Public Rates Report reflecting that attorneys in the Central District charged hourly rates from $320 to $1145, depending on their seniority. Dkt. 214-5.

      (2)  <u>Reasonableness of the Total Hours Billed</u>

In conformity with Section 10(e) of the Civil Standing Order, Plaintiff submitted a table of the hours

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01946 JAK (KS) | | Date | June 6, 2023 |
|---|---|---|---|---|
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | | |

billed by its counsel. That table, after the application of certain numerical corrections, is reproduced below:[1]

| Task | Timekeeper | Rate | Hours | Fee[2] |
|---|---|---|---|---|
| Conducting fact investigation and analyzing evidence in preparation for drafting Plaintiff's Motion for Sanctions | Staci J. Trager | $730 | 0.6 | $438.00 |
| | Aaron M. Brian | $600 | 4.6[3] | $2760.00 |
| | Mark S. Zhai | $600 | 0.9 | $540.00 |
| Corresponding with internal team and client regarding arguments and strategy on Plaintiff's Motion for Sanctions and meeting and conferring with Opposing Counsel | Staci J. Trager | $810 | 4.2 | $3402.00 |
| | Aaron M. Brian | $600 | 0.9 | $540.00 |
| | Mark S. Zhai | $600 | 0.4 | $240.00 |
| Drafting Plaintiff's Motion for Sanctions, including conducting legal research and preparing supporting evidence | Aaron M. Brian | $600 | 2.8[4] | $1680.00 |
| | Aaron M. Brian | $725 | 9.9 | $7177.50 |
| Drafting Plaintiff's Reply Brief on | Staci J. Trager | $810 | 1.6 | $1296.00 |
| | Aaron M. Brian | $725 | 8.7 | $6307.50 |

---

[1] This table reflects the corrections identified in the Reply. *See* Dkt. 220 at 8-9.
[2] Plaintiff calculated these fees in error. It did so by multiplying the timekeepers' 2022 rates and the total hours billed in each category. This is incorrect to the extent that the 2022 rates were applied to hours billed by the timekeepers at their 2021 rates. *See* Dkt. 220-4.
[3] On December 3, 2021, Brian billed 2.1 hours to this category. Dkt. 220-4 at 3. At his then-prevailing rate of $600, the fee for this time should be $1260. Plaintiff's records reflect a charge of $1380, which would be correct if Brian had billed 2.3 hours. *Id.* Plaintiff's table reflects a total of 4.8 hours for this category, which would be correct if Brian had billed 2.3 hours to this category on December 3, 2021. *See* Dkt. 214-3. It cannot be determined whether Brian's December 3, 2021 time entry was incorrect because he understated the number of hours he worked or because he overstated the fee for that work. As a matter of fairness, the ambiguity will be resolved against Plaintiff, and Plaintiff will be deemed to have requested 4.6 hours for this category.
[4] This number has been adjusted downward to reflect that Plaintiff is no longer seeking reimbursement for the time recorded by Brian on December 13, 2021. Dkt. 220 at 12-13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01946 JAK (KS) | | Date | June 6, 2023 |
|---|---|---|---|---|
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | | |

| | | | | |
|---|---|---|---|---|
| Motion for Sanctions, including analyzing Defendant's Opposition and conducting legal research | | | | |
| Preparing arguments and attending hearing on Plaintiff's Motion for Sanctions | Staci J. Trager | $810 | 4.3 | $3483.00 |
| | Aaron M. Brian | $725 | 0.7 | $507.50 |
| | Mark S. Zhai | $600 | 4.0 | $2400.00 |
| Conducting fact investigation and analyzing evidence in preparation for drafting Plaintiff's Fees Motion | Mark S. Zhai | $600 | 3.1 | $1860.00 |
| Corresponding with internal team and client regarding Plaintiff's Fees Motion | Mark S. Zhai | $600 | 0.5 | $300.00 |
| Drafting and revising Plaintiff's Fees Motion including conducting legal research and preparing supporting exhibits. | Mark S. Zhai | $600 | 7.0 | $4200.00 |
| **TOTALS:** | | | **54.2** | **$37,131.50** |

Plaintiffs also estimated that they would need at least 5.5 hours to prepare their Reply and 4.3 hours to prepare for, and attend, any hearing on the Motion. Dkt. 214 at 12. Plaintiffs argue that these amounts are half the number of hours that Plaintiff actually spent preparing its reply to the Sanctions Motion and attending that hearing. *Id.*

Defendants argue that the fees Plaintiff requested should be reduced for several reasons.

*First*, Defendants argue that Plaintiff's counsel has engaged in "flagrant" block billing, and that, as a result, several time entries be disallowed in their entirety. Dkt. 217 at 9. Defendants point out that Plaintiff's counsel previously submitted records that "ma[de] it nearly impossible for the Court to identify the specific time spent on discrete tasks in order to determine if that time was reasonable." Dkt. 185 at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01946 JAK (KS) | Date | June 6, 2023 |
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | |

16.

There is not a sufficient basis to disallow all, applicable time entries because Plaintiffs engaged in block billing. "We may reduce block-billed hours 'because block billing makes it more difficult to determine how much time was spent on particular activities.'" *Good Morning to You Prods. Corp. v. Warner/Chappell Music, Inc.*, No. CV 13-4460-GHK (MRWx), 2016 WL 6156076 at *8 (C.D. Cal. Aug. 16, 2016) (quoting *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007)). "Courts often reduce such hours by 10% to 30%." *Id.* (collecting cases). Further, when "block-billed entries are detailed enough for us to assess their reasonableness, no reduction is necessary." *Id.* The level of detail provided by Plaintiff's counsel has been considered in making the certain reductions.

*Second*, Defendants argue that Trager's hourly rate appears to fluctuate from $810 to $1417. Dkt. 217 at 10-11. This is a result of the numerical errors already corrected in the Reply and in the preceding table.

*Third*, Defendants object to the time billed for attending the hearing on the Sanctions Motion. *Id.* at 11. Defendants contend that most of that hearing was dedicated to the Preliminary Injunction Motion, not the Sanctions Motion. *Id.* Defendants also object to the time entries by Trager and Brian related to the hearing because Brian did not attend the hearing, because Trager's audio was inoperative at that hearing, and because the motions were argued by Zhai. *Id.* Although Trager did not present arguments at the hearing, it is reasonable for two attorneys to attend a hearing when each has unique knowledge about the issues. It is also reasonable for counsel attending a hearing to confer in advance with colleagues who will not attend. For these reasons, neither Trager's audio issues nor Brian's absence warrant any significant reduction in the hours associated with preparing for, and attending, the hearing. However, Defendants because much of the time in this category was attributable to the Preliminary Injunction Motion rather than the Sanctions Motion, it is determined that only one hour of Trager's time, one hour of Zhai's time, and 0.2 hours of Brian's time were attributable to the Sanctions Motion.

*Fourth*, Defendants argue that there are discrepancies between Exhibits A and C to the Motion, which Defendants argue calls into question the accuracy of the corresponding billing records. *Id.* at 13. The discrepancies about the amounts billed by Trager on April 8, 2022 and May 6, 2022, as well as the one about the amount billed by Zhai on May 9, 2022, are attributable to the numerical errors that have already been addressed. As to the discrepancy in the narratives for the tasks that Brian worked on December 13, 2021, Plaintiffs have withdrawn their request for reimbursement for this time entry. This withdrawal is already reflected in the table above.

*Fifth*, Defendants object to the amount of time sought for correspondence among Plaintiff's counsel and between Plaintiff and its counsel. *Id.* at 14. It was reasonable for Zhai to bill 0.5 hours for internal communications about this Motion. However, it was not reasonable for Plaintiff's counsel to spend 5.5 hours for internal and client communications pertaining to the prior Sanctions Motion. It is determined that, as to the prior Sanctions Motion, it would have been reasonable for Trager to spend one hour on this task and that it would have been reasonable for Brian to spend 0.5 hours on this task.

*Sixth*, Defendants object that Plaintiffs are seeking reimbursement for administrative or clerical tasks like "preparing supporting exhibits," "circulat[ing]" documents to team members, and "prepar[ing] for filing." *Id.* Defendants' position that these tasks are administrative or clerical is not persuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01946 JAK (KS) | Date | June 6, 2023 |
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | |

Attorneys preparing a motion commonly prepare exhibits to go along with that motion. Deciding which exhibits to present, and deciding how those exhibits should be presented, requires judgment and experience. Further, although merely sending a draft to colleagues does not require significant time, revising documents and discussing the strengths and weaknesses of arguments with colleagues is reasonable. Plaintiff's counsel have claimed only relatively small amounts of time for this type of work. For similar reasons, preparing documents for filing is not simply administrative work.

*Seventh*, Defendants argue that Plaintiffs have spent more time than necessary on both the Sanctions Motion and this Motion. *Id.* at 14-15. They point that out that the Motion is routine and is duplicative of similar filings in this matter. *See* Dkts. 121, 139. They also argue that the primary remedy sought in the Sanctions Motion -- terminating sanctions -- was rejected. Dkt. 217 at 15.

It is determined that the following reductions are warranted. It was reasonable to spend eight hours preparing the Sanctions Motion[5] and four hours preparing this Motion. It was reasonable to spend three hours preparing the reply brief in support of the Sanctions Motion.[6] It was also reasonable to award 1.5 hours for preparing the Reply.[7] The amount of time allocated to "factual investigation" is also more than necessary. It is determined that one hour was reasonable for factual investigation in support of the Sanctions Motion.[8] Because only *de minimis* factual investigation was required for the present Motion, only 0.5 hours for factual investigation is awarded. One hour is reasonable and shall be allocated to Zhai for preparing for, and attending, a hearing on the instant Motion.

Based on the foregoing, a fee award of $15,490 is reasonable, and is summarized in the following table:

| Task | Timekeeper | Rate | Hours | Fee |
|---|---|---|---|---|
| Conducting fact investigation and analyzing evidence in preparation for drafting Plaintiff's Motion for Sanctions | Staci J. Trager | $730 | 0.0 | $0.00 |
| | Aaron M. Brian | $600 | 1.0 | $600.00 |
| | Mark S. Zhai | $600 | 0.0 | $0.00 |
| Corresponding with internal team and client regarding arguments and strategy on Plaintiff's Motion | Staci J. Trager | $810 | 1.0 | $810.00 |
| | Aaron M. Brian | $600 | 0.5 | $300.00 |
| | Mark S. Zhai | $600 | 0.0 | $0.00 |

---

[5] Of the eight hours necessary for the Sanctions Motion, it is determined that two hours shall be billed at Brian's 2021 rate and six hours at Brian's 2022 rate.
[6] It is determined that all three hours shall be billed at Brian's rate, as Brian took primary responsibility for drafting this brief.
[7] These hours will be billed at Zhai's rate, because Zhai took primary responsibility for preparing the Motion.
[8] These hours will be billed at Brian's rate, because Brian did most of the factual investigation in connection with this Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01946 JAK (KS) | | Date | June 6, 2023 |
|---|---|---|---|---|
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | | |

| | | | | |
|---|---|---|---|---|
| for Sanctions and meeting and conferring with Opposing Counsel | | | | |
| Drafting Plaintiff's Motion for Sanctions, including conducting legal research and preparing supporting evidence | Aaron M. Brian | $600 | 2.0 | $1200.00 |
| | Aaron M. Brian | $725 | 6.0 | $4350.00 |
| Drafting Plaintiff's Reply Brief on Motion for Sanctions, including analyzing Defendant's Opposition and conducting legal research | Staci J. Trager | $810 | 0.0 | $0.00 |
| | Aaron M. Brian | $725 | 3.0 | $2175.00 |
| Preparing arguments and attending hearing on Plaintiff's Motion for Sanctions | Staci J. Trager | $810 | 1.0 | $810.00 |
| | Aaron M. Brian | $725 | 0.2 | $145.00 |
| | Mark S. Zhai | $600 | 1.0 | $600.00 |
| Conducting fact investigation and analyzing evidence in preparation for drafting Plaintiff's Fees Motion | Mark S. Zhai | $600 | 0.5 | $300.00 |
| Corresponding with internal team and client regarding Plaintiff's Fees Motion | Mark S. Zhai | $600 | 0.5 | $300.00 |
| Drafting and revising Plaintiff's Fees Motion including conducting legal research and preparing | Mark S. Zhai | $600 | 4.0 | $2400.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01946 JAK (KS) | | Date | June 6, 2023 |
|---|---|---|---|---|
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | | |

| | | | | |
|---|---|---|---|---|
| supporting exhibits. | | | | |
| Drafting Plaintiff's Reply Brief on Plaintiff's Fees Motion | Mark S. Zhai | $600 | 1.5 | $900.00 |
| Preparing arguments and attending hearing on Plaintiff's Fees Motion | Mark S. Zhai | $600 | 1.0 | $600.00 |
| **TOTALS:** | | | **23.2** | **$15,490.00** |

    2.    <u>Whether Defendant's Failure to Comply with Court Orders Was Substantially Justified</u>

Defendant's failure to comply was not substantially justified for the reasons stated in the Prior Order. Dkt. 211 at 15. A party's belief that it will ultimately prevail, or that the documents sought by opposing counsel are irrelevant, is not a basis for non-compliance with a court order. In the Opposition, Defendant does not contend that the conduct at issue was substantially justified. *See generally* Dkt. 217.

    3.    <u>Whether Other Circumstances Make an Award of Expenses Unjust</u>

Defendant argues that her financial resources should be considered in determining the amount of any fee award. Defendant's declaration states that Decedent's business is the "only means of support" for Defendant and her family. Dkt. 217-1 ¶ 2. Defendant states that she has "obtain[ed] counsel on a *pro bono* basis . . . ." *Id.* ¶ 5. Defendant also declared that "[w]hen [she] paid the last fee award of $24,169 . . . [her] family and [she] were in dire circumstances." *Id.* ¶ 10. "With the loss of the NFT income caused by Plaintiff . . . [her] financial circumstances are worse." *Id.*

The last fee award was not reduced based on Defendant's financial circumstances. Dkt. 185 at 19-20; *see also* Dkt. 210 (accepting findings and recommendations). Instead, it was determined that "[n]otwithstanding the difficult family circumstances [Defendant] may now face, her belated effort to comply with the Court's discovery orders, including payment of the $5,000 sanctions imposed against Chi Modu, does not relieve [Defendant], as successor-in-interest of Chi Modu, of the mandatory consequences of Rule 37(b)(2)(C)." Dkt. 185 at 19-20.

Nor has Defendant provided any detail regarding the extent to which her financial circumstances have become more dire. Defendant's declaration and Opposition did not provide any details regarding her ability to pay an award of fees. "The sanctioned party has the burden to produce evidence of inability to pay." *Laub v. Horbaczewski*, No. LA CV17-06210 JAK (KSx), 2021 WL 2273462 at *8 (C.D. Cal. Apr. 29, 2021) (citing *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993)).

Plaintiff has provided evidence regarding the value of certain cryptocurrencies Defendant possesses in her publicly identifiable cryptocurrency wallets. Over the past year, Defendant has had between $436

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01946 JAK (KS) | Date | June 6, 2023 |
|---|---|---|---|
| Title | Notorious B.I.G. LLC v. Yes Snowboards et al. | | |

and $298,623 in Ethereum. Dkt. 220-2 at 2. As of the date the Reply was filed, Defendant had $4143 in Ethereum and an additional $17,645 in Wrapped Ethereum. Dkt. 220-3 at 2.

It is also undisputed that Defendant continues to own and operate a business. Dkt. 217-1 ¶ 2. Although some of Defendant's income may have been reduced by her inability to sell certain NFTs, Defendant's business was permitted to continue selling posters, prints and photographs of Wallace. Dkt. 211. Further, Defendant does not contend that this litigation has prevented her from being able to sell other merchandise unrelated to the images of Wallace at issue in this litigation.

That Defendant is being represented *pro bono* carries some weight. *Pro bono* legal services are typically provided only to those who could not otherwise afford counsel. However, because Defendant owns and operates a business and has not provided evidence of her inability to pay any sanctions award, a further reduction in the fee award is not warranted.

**IV.** **Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED IN PART**. Defendant is ordered to pay $15,490 to Plaintiff's counsel within 30 days of the issuance of this Order.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | tj | |